**UNITED STATES ex rel. Dong Yick Yuen v. DUNTON, Chinese Inspector in Charge at Port of New York.***

(Circuit Court of Appeals, Second Circuit.   January 25, 1924.)

No. 175.

**I. Aliens ⨷⟿32(9)—No affirmative duty to inform Chinese person of privilege to have friend or relative present at hearing.**

Neither Act Feb. 5, 1917, § 17 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼ii), nor Rules Governing Admission of Chinese, rule 3, subd. 3, adopted thereunder, expressly provide that a Chinese alien shall be informed that he may have one friend or relative present at the hearing before the board of special inquiry, and there is therefore no affirmative duty upon the board to inform the alien of such privilege, since the court cannot read into the statute what was not put there by Congress.

**2. Aliens ⨷⟿18, 32(1)—Admission a privilege and not right.**

The admission of aliens to the United States is a privilege and not a right, and the procedure is regulated by statute.

Appeal from the District Court of the United States for the Eastern District of New York.

Habeas corpus by the United States, on the relation of Dong Yick Yuen, against John F. Dunton, Chinese Inspector in Charge, Port of New York. From an order dismissing the writ, relator appeals. Affirmed.

The following is the opinion of Garvin, District Judge, in the court below:

The relator obtained a writ of habeas corpus after presenting a verified petition alleging that he is unjustly restrained of his liberty and in the custody of John F. Dunton, Chinese Inspector in Charge, at the Port of New York, acting under the direction of the Secretary of Labor of the United States of America, and who is about to cause the deportation of the relator to the Republic of China.

From the petition and return thereto, it appears that petitioner claims that his father is Dong Tipp, a citizen of the United States; that petitioner, who was born in China, arrived in this country on or about February 1, 1923; that he was granted a hearing on February 8 and 27, 1923, before a board of special inquiry, duly constituted for that purpose, held at the United States Barge Office, New York, N. Y., at which testimony was taken and of which a record was made; that said board, after said hearing, duly and unanimously excluded said alien under the Chinese Exclusion Acts, particularly on the ground that being an alien and coming within the prohibited class in said acts and belonging to no exempt class, petitioner's claim for admission as the son of a native having been denied, he was excluded as a prohibited alien. This decision was affirmed by the Secretary of Labor. It appears from the record that the alien was afforded every protection under the law, that the hearing was complete, fairly conducted, and the determination of the board finally approved by the Secretary of Labor.

The examination of the witnesses was exhaustive, the members of the board saw them, and, after hearing them testify, reached a determination that the relationship had not been established. That conclusion cannot be said to be based upon insufficient evidence. A lengthy summary of the discrepancies appearing in the record is attached thereto, which it is unnecessary to discuss in detail. No right was denied petitioner. There was evidence to justify the finding. The board has determined that the petitioner is not a true blood son of said Dong Tipp.

⨷⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 456, 68 L. Ed. ——.

The petitioner also claims that the applicant was never accorded the preliminary examination by at least two immigrant inspectors of all arriving aliens as provided by section 16 of the Act of February 5, 1917 (39 Stat. 874, [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼i]) which reads, in part:

"Every alien who may not appear to the examining immigrant inspector at the port of arrival to be clearly and beyond a doubt entitled to land shall be detained for examination in relation thereto by a board of special inquiry."

In the instant case, there was a hearing·before a board of special inquiry, and the applicant was excluded from the country, not because he was inadmissible under the general immigration law, but because he did not show a right to admission under the Chinese Exclusion Law, which, by the way, contains no provision for a hearing before any stated number of inspectors.

It is further contended by petitioner that there was a failure to comply with section 17 of said Act of February 5, 1917 (section 4289¼ii), which reads as follows:

"All hearings before such boards shall be separate and apart from the public, but the immigrant may have one friend or relative present under such regulations as may be prescribed by the Secretary of Labor."

It does not appear from the record that the applicant or any one in his behalf requested that a friend or relative might be present; hence there can be no claim of improper exclusion.

It is also asserted that applicant has a right to a judicial hearing. He has not been admitted, and therefore he is without the borders of the United States. Therefore he is not entitled under the Constitution to a judicial hearing. This question is settled by the recent decision in Ng Fung Ho v. White, 259 U. S. 276, 282, 42 Sup. Ct. 492, 66 L. Ed. 938, and a full discussion of the questions involved is contained in the more recent decision of the Circuit Court of Appeals for the Second Circuit, to the same effect, in the case of United States of America ex rel. Sco Hoo Hong v. Robert E. Tod, Commissioner of Immigration, 200 Fed. 689, under the authority of which the writ must be dismissed.

John M. Lyons, of New York City, for appellant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (William A. De Groot, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for appellee.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

MAYER, Circuit Judge.    [1] We deem it necessary to refer only to the contention of appellant that an affirmative duty rested on the board of special inquiry to inform appellant of the privilege to have a friend or relative present at the hearing before the board of special inquiry.

Upon the agreed statement of facts, it appears that relator's alleged father and oldest brother were present and testified as witnesses on his behalf, but it does not affirmatively appear that these witnesses were present during the examination of the relator, nor that relator was informed that he might have one friend or relative present during such examination.

Section 17 of the Act of February 5, 1917, provides in connection with board of special inquiry that—

"All hearings before such boards shall be separate and apart from the public, but the immigrant may have one friend or relative present under such regulations as may be prescribed by the Secretary of Labor."

The inspection of Chinese by immigration officials is regulated by rule 3 of the rules governing the admission of Chinese, subdivision 3 of which provides as follows:

"*Hearings.*—Boards of special inquiry shall determine all cases as promptly as in the estimation of the immigration officer in charge the circumstances permit, due regard being had to the necessity of giving the alien a fair hearing. Hearings before the boards 'shall be separate and apart from the public'; but the alien may have one friend or relative present after the preliminary part of the hearing has been completed: Provided, first, that such friend or relative is not and will not be employed by him as counsel or attorney; second, that if a witness, he has already completed the giving of his testimony; third, that he is not the agent or representative at an immigration station of an immigrant aid or other society or organization; and fourth, that he is actually related to or an acquaintance of the alien."

From the foregoing, it will be noted that neither the statute nor the duly adopted rule provides that the alien shall be informed that he may have one friend or relative present.

Whenever the board of special inquiry or any other officials charged with the administration and enforcement of the Chinese Exclusion Act or of the immigration laws are required to give notice or information to the applicant for admission, the statute or rule so states. U. S. ex rel. Waldman v. Tod (C. C. A.) 289 Fed. 761, 764, 765; U. S. ex rel. Ghersin v. Commissioner of Immigration at Port of New York (C. C. A.) 288 Fed. 756.

Thus, in section 16 of the Act of February 5, 1917, it is provided:

"In the event of rejection by the Board of Special Inquiry, in all cases where an appeal to the Secretary of Labor is permitted by this act, the alien shall be so informed and shall have the right to be represented by counsel or other adviser on such appeal."

[2] It must always be remembered that the admission of aliens to the United States is a privilege and not a right and that the procedure is regulated by statute. If the statute fails to require notice, the courts have no power to write into the statute what was not put there by the Congress.

Order affirmed.