## TOD, COMMISSIONER OF IMMIGRATION, *v.* WALDMAN ET AL.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 95. Argued October 20, 21, 1924.—Decided November 17, 1924.

1. When it is found, in *habeas corpus*, that aliens, refused admission to the country and held for deportation, were denied a right of appeal to the Secretary of Labor, accorded by the Immigration Law and regulations, they should not therefore be discharged from custody and their bail be released, but the order should secure them the appeal and remand them to custody of the immigration authorities pending decision by the Secretary. P. 118.

2. In such cases, questions such as educational qualification of an immigrant in a foreign language, or the probable effect of a physical defect on future ability to earn a living, which determine the right of admission, should be remitted to the Department rather than be decided by the court in the *habeas corpus* proceeding. P. 119.

3. In determining upon the admissibility of an alien, the immigration

authorities should pass upon the issues made by the applicant, and its record, and the return in *habeas corpus,* should reveal the proceedings and rulings in detail. P. 119.

4. An order in *habeas corpus* remanding immigrants to the custody of the immigration authorities for a further hearing, should be followed by their discharge if the hearing be not granted seasonably. P. 120.

289 Fed. 761, reversed. See also, *post,* p. 547.

THIS is a certiorari to a judgment of the Circuit Court of Appeals for the Second Circuit, discharging Mrs. Szejwa Waldman and her three minor children as relators in a writ of *habeas corpus.* The writ was issued by the District Court for the Southern District of New York, to Robert E. Tod, Commissioner of Immigration at Ellis Island. That court dismissed the petition and remanded the relators. Mrs. Waldman and her children, reaching New York from Europe, were, after examination, detained at Ellis Island on August 28, 1922, for deportation, on the ground that they were liable to become public charges if admitted to the United States, and also because the mother was an illiterate person. She appealed to the Department of Labor, which directed the case to be reopened before a Board of Special Inquiry for the purpose of according her a reëxamination regarding her ability to read Yiddish and Hebrew, with direction if she did not pass it, to deport her and her family, without further reference to the Department. She was reëxamined. She alleged in her petition that, although she was able to read in Yiddish, she was declared illiterate and she and her family were ordered deported on the next sailing, and were refused appeal from this decision. She further alleged that she and her family were seeking admission to the United States to avoid religious persecution in their home in Proskurow (once in Russia and now in the Ukraine), that she escaped from there in 1919, and after seventeen months spent in securing a passport to this country came here as a refugee, that, if she is de-

ported from the United States, she must be returned to Proskurow and that she and her children would be in danger of death; that she and they, as refugees from religious persecution, are exempt by the immigration statute from the operation of the literacy test, but that their claim as such refugees had not been considered by the Commissioner of Immigration or the Secretary of Labor pursuant to the rules of the immigration bureau, although the facts were fully shown in her sworn evidence before the Commissioner. Her petition further alleged that relatives of hers, who are responsible citizens and residents of the United States, are willing to furnish a satisfactory bond that the Waldman family will not become public charges; indeed, that they are themselves willing and able to agree to support the family.

The return asked that the writ be quashed because it did not appear that there was no evidence before the Department upon which the warrant could be based, or that the issues sought by the petition now to be litigated in the court had not already been determined by the Department of Labor adversely to the aliens. The return exhibits the records of the Department and the evidence taken, and a medical certificate showing that one of the daughters, Zenia Waldman, is afflicted with a dislocation of the left hip, causing shortening of the left leg and lameness, which may affect her ability to earn a living; and that for this, and for failure of the mother to pass the language test, all the aliens were properly ordered excluded; that on appeal, after a careful consideration, the Second Assistant Secretary directed that the case be reopened before a Board of Special Inquiry; that another hearing was given by a different Board of Special Inquiry, the minutes of the prior hearing being made a part of the evidence taken and other evidence introduced, a copy of which is annexed; and that the board duly and

unanimously reaffirmed the former order of exclusion. The return concludes:

" The proofs and record of the proceedings before mentioned having been duly transmitted to him, the Secretary of Labor, after carefully considering the evidence presented in the record, duly affirmed the excluding decision of the board and directed the deportation of the aliens herein; and for the cause of the detention of the said aliens complained of in the petition herein, deponent says that the said aliens are and since the receipt of said writ of habeas corpus have been held under and in obedience to said writ ".

The prayer was that the writ of *habeas corpus* be dismissed and the aliens remanded to the custody of the Commissioner, to be dealt with in accordance with the order of exclusion.

The Circuit Court of Appeals ruled that the failure of the return to set out the details of the test as to the knowledge of Mrs. Waldman in Yiddish and Hebrew, at the first and second hearing, was improper; that the test directed in both Hebrew and Yiddish, which the statute recognized as different languages, was a double one for which there was no warrant in the statute. Without stressing these defects, the court, pointing out that by § 17 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 874, 887, and regulations duly issued thereunder, when a case is referred back to a Board by the Bureau or Department, in order that additional evidence may be taken, and a new decision is rendered by the Board, the reopened hearing shall be " of the same nature and be subject to the same conditions, limitations, and privileges as an original hearing ", held that the departmental order reopening the case was illegal in that it took away the right of appeal after the second examination, and that the warrant of deportation was void. The Circuit Court of Appeals further held that the record so left the case

of the child Zenia that it must be assumed that the decision to exclude her was not affirmed by the Department of Labor and that the Department may well have disagreed with the local board as to whether or not the physical defect would interfere with the ability of Zenia to earn a living. The order of the District Court was reversed with directions to enter an order discharging the relators and releasing their bail.

An application for a rehearing was made to the Circuit Court of Appeals to modify its order so as not to discharge the relators and their bail, but to direct that the trial court might itself proceed to hear the issues and determine the admissibility of the appellants. The Circuit Court of Appeals declined to make this modification, but said that, as the judgment was not *res judicata,* the executive authorities might rearrest the relator and institute further proceedings to test the legality of her being in the country. It is the discharge of the relators and their bail by the Circuit Court of Appeals of which the Government complains.

*Mr. Assistant Attorney General Donovan,* with whom *Mr. Solicitor General Beck* and *Mr. Harry S. Ridgely* were on the brief, for petitioner.

Where the trial court, on *habeas corpus,* finds the alien has not been accorded a fair hearing, it is its duty to determine the right of the alien to enter the United States, and this duty exists not only where the right of entry is based upon claimed citizenship but equally where the right of entry is based upon the claim, as here, that the alien is able to meet the literacy or other requirements of the immigration laws. *Kwock Jan Fat* v. *White,* 253 U. S. 454; *Ng Fung Ho* v. *White,* 259 U. S. 276; *Hoey Lum Qung* v. *Johnson,* 299 Fed. 246; *Wong Wing Sing* v. *Nagle,* 299 Fed. 601.

*Mr. Max J. Kohler* for respondents.

MR. CHIEF JUSTICE TAFT, after stating the case as above, delivered the opinion of the Court.

We think that the complaint of the Government is well founded. The petitioners in the writ of *habeas corpus* were aliens who had not been legally admitted to the country—that is, neither the immigration authorities nor the court had held that they were entitled to admission. The immigration authorities had ordered their deportation. The Circuit Court of Appeals merely found that in the course of the examination by the immigration authorities the relators had not been given a fair opportunity to appeal to the Secretary of Labor as provided by the statute. This denial of appeal did not give to them a right to admission to the country. In the due and orderly disposition of the writ of *habeas corpus*, relators should not have been discharged and their bail released, but the order should have been framed so as to secure the benefit of the appeal to the relators, to which the court by its decision had held them entitled. To discharge them was to take them out of the proper custody of the government authorities pending their admission or exclusion, was to entail upon the Government the affirmative and initial duty of re-arresting them and was improperly discharging the security for their response to any lawful order of the immigration authorities. The mere fact that by re-arrest the Government would not be confronted by any judgment of *res judicata* did not suffice. The power of the court in such a case is indicated by § 761 of the Revised Statutes in reference to *habeas corpus*. The section provides that a court or justice or judge shall proceed in a summary manner to determine the facts of the case by hearing the testimony and arguments and thereupon to dispose of the party as law and justice require. The law and justice here required under the decision of the Circuit Court of Appeals was that the

case should be sent to the District Court with instructions to remand the petitioners to the custody of the immigration authorities, to await the result of the appeal from the judgment of deportation to the Secretary of Labor.

Counsel for the Government urge that under three decisions of this Court, *Chin Yow* v. *United States,* 208 U. S. 8, 13, *Kwock Jan Fat* v. *White,* 253 U. S. 454, and *Ng Fung Ho* v. *White,* 259 U. S. 276, the question with respect to which the petitioners have not been given a fair hearing should now be remanded to the District Court for its decision. Without saying that the circumstances might not arise which would justify such a variation in the order from that which we now direct, we do not think that the course taken in the cases cited should guide us here. In those cases the single question was whether the petitioner was a citizen of the United States before he sought admission, a question of frequent judicial inquiry. Here the questions are technical ones involving the educational qualifications of an immigrant in a language foreign to ours, and the medical inquiry as to effect of a physical defect on the probability of a child's being able to earn a living or of becoming a public charge. The court is not as well qualified in such cases to consider and decide the issues as the immigration authorities. The statute intends that such questions shall be considered and determined by the immigration authorities. It would seem better to remand the relators to the hearing of the appeal, by the Secretary and his assistants, who have constant practice and are better advised in deciding such questions.

We concur with the Circuit Court of Appeals in its criticism of the record in this case in that it does not set out more fully the details of the test applied in the examinations. The record is defective also in not showing the definite rulings of the Commissioner or the Board of Inquiry on the issues made by Mrs. Waldman in her

evidence.  This made clear her claim that she and her children were refugees from religious persecution relieving her from an educational test; but no finding appears in the record on this point either by the Board or the Department on appeal.  The mere implication that the claim must have been passed on adversely to her because the language test was applied is not enough.  If the necessary finding was in fact made, it should be made part of the record.  We agree with the Circuit Court of Appeals also that the absence from the record of any finding by the Department on appeal as to the issue whether the lameness of Zenia, one of the children, affected her ability to earn a living or made her likely to become a public charge, is a defect.  The inquiry and finding should have been made.  If made, the record should disclose it.  If not made, the inquiry should be made and the finding recorded.

We see no reason, therefore, why upon the appeal which it is now decided the Secretary of Labor must afford the relators, he should not consider and make a definite finding on the issues made by the petition, to wit, first, whether the relators are not relieved from the test as to language because they are refugees from religious persecution; second, whether, if it be necessary, a proper test as to the reading knowledge of Yiddish only, which Mrs. Waldman had, was sufficient to meet the requirements of the statute, and, if not, to order another; and, third, whether the lameness of Zenia Waldman is likely to affect her ability to earn her living or to make her a public charge.  The order of the Circuit Court of Appeals is reversed and modified in accordance with this opinion, with instructions to remand the petitioners to the custody of the immigration authorities to await the hearing on the appeal before the Secretary of Labor.  Failing the granting and hearing of the appeal within thirty days after the coming down of the mandate herein, the re-

lators and their bail are to be discharged.   *Mahler* v. *Eby*, 264 U. S. 32, 46.

> *Reversed and remanded to the District Court for further proceedings in conformity with this opinion.*