**SMITH v. HAYS et al., Immigration Inspectors.**

(Circuit Court of Appeals, Eighth Circuit. December 31, 1925.)

No. 6680.

1. **Habeas corpus** ⟷23—In deportation proceeding, whether alien had been convicted of crime of fraud properly examinable on habeas corpus.

In deportation proceeding, question whether there was evidence to support charge that alien had been convicted of crime of fraud in Canada may properly be examined on habeas corpus.

2. **Constitutional law** ⟷318—In administrative proceedings, there must be such procedure as to accord substantial justice and afford parties fair trial.

In administrative proceedings, the same accuracy of procedure is not required as in courts of record; but there must be such procedure as accords substantial justice, and affords parties fair opportunity to be apprised of what they are to meet.

3. **Aliens** ⟷54(9) — Embezzlement, unaccompanied by circumstances which make act fraud on person whose money is taken, does not constitute fraud.

As respects question of variance in deportation proceeding on ground of fraud, although fraud is a very broad term, it cannot be stretched to cover embezzlement unaccompanied by circumstances which make such act a fraud on person whose money is taken.

4. **Evidence** ⟷37—Neither court nor administrative body can take notice of laws of foreign country.

Neither court nor administrative body can take notice of laws of foreign country.

5. **Aliens** ⟷54(9)—Total failure of proof of charge that alien had committed crime.

In deportation proceeding, charging prior conviction of a crime involving moral turpitude, namely, fraud, held, that there was entire failure of proof, where there was evidence merely that the alien had embezzled funds in Canada and given a worthless check in payment of the shortage, but no evidence that "fraud," or the giving of a worthless check, was criminal under Canadian laws.

Appeal from the District Court of the United States for the Southern District of Iowa; Joseph W. Woodrough, Judge.

Petition by Curtis George Smith for writ of habeas corpus, directed to Frank Hays, Jr., and others, Immigration Inspectors.

From an order denying the writ, petitioner appeals. Reversed, with directions.

Edward R. Mason, of Des Moines, Iowa (Ralph L. Powers, of Des Moines, Iowa, on the brief), for appellant.

Ray C. Fountain, Asst. U. S. Atty., of Des Moines, Iowa (Ross R. Mowry, U. S. Atty., of Newton, Iowa, and Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, on the brief), for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an appeal from a denial of a writ of habeas corpus to release appellant from custody under a deportation proceeding.

Appellant, a citizen of Canada, was arrested under a deportation warrant charging that he had "been convicted of or admits the commission of a felony or other crime or misdemeanor involving moral turpitude prior to his entry into the United States, to wit, "fraud." The detention order contained an identical charge. At the hearing before the immigration inspector, the evidence tended to show that appellant, while in Canada, had embezzled funds belonging to his employer and given a worthless check in payment of the shortage when it was discovered. Upon this showing, the deportation order issued. That order was based on commission of "fraud."

[1-5] One of the points presented here is that there was no evidence to support the charge. In a proceeding of this character such a point is properly examinable in a habeas corpus proceeding. Ungar v. Seaman, 4 F.(2d) 80 (this court). The charge is that the appellant had, in Canada, committed the crime of "fraud." In administrative proceedings, the same accuracy of procedure is not required as in courts of record but there must be such procedure as accords with substantial justice and affords the parties a fair opportunity to be apprised of what they are to meet. Ungar v. Seaman, 4 F.(2d) 80, 82. No nicety of pleading, such as in an indictment, is requisite in a deportation proceeding but an alien cannot be charged with one crime, as the basis of deportation, and an entirely different character of offense proven to sustain deportation on such a charge. Here it was charged that appellant had committed "fraud" and that such an offense was a crime (in Canada) involving moral turpitude. There was substantial proof of embezzlement and of giving a worthless check.

While fraud is a very broad term in its application, yet it cannot be stretched to cover bare embezzlement unaccompanied by circumstances which make such act a fraud upon the person whose money is taken. Giving a worthless check might be, under some circumstances, a fraud but there is no proof in this record that "fraud" or the giving of a worthless check is criminal under the laws of Canada. Such proof is requisite as neither a court nor an administrative body can take notice of the laws of a foreign country. Coghlan v. South Car. R. Co., 142 U. S. 101, 114, 12 S. Ct. 150, 35 L. Ed. 951; Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 445, 9 S. Ct. 469, 32 L. Ed. 788; Biddle v. Luvisch (C. C. A.) 287 F. 699, 701 (this court). There was, therefore, an entire failure of proof herein. The appellant was entitled to his release.

The order denying the writ is reversed with instructions to grant the writ of habeas corpus.