## UNITED STATES ex rel. KOZAK v. CURRAN, Immigration Com'r.

(Circuit Court of Appeals, Second Circuit. July 9, 1926.)

No. 371.

Aliens ⊜⊸54(9).

Alien *held* to have sustained burden of showing five years' continuous residence in Buenos Aires, entitling him to be admitted under nonquota provisions of immigration law.

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus proceeding by the United States, on the relation of Enach Kozak, against Henry H. Curran, as Commissioner of Immigration. From an order sustaining exceptions to the special master's report, and dismissing the writ, relator appeals. Order reversed, and relator discharged.

See, also, 298 F. 951.

Buchler & Richman, of New York City (Louis Richman, of New York City, of counsel), for appellant.

Emory R. Buckner, U. S. Atty., of New York City (Charles Lincoln Sylvester, of New York City, of counsel), for respondent-appellee.

Before MANTON and MACK, Circuit Judges, and AUGUSTUS N. HAND, District Judge.

MACK, Circuit Judge. To test the legality of an exclusion order, relator sued out a writ of habeas corpus. Judge Learned Hand, then District Judge, reviewing the record made by the immigration authorities, held that a certificate of police of Buenos Aires as to five years' continuous residence there, which concededly would bring relator within the nonquota provisions of the immigration law, was "prima facie disinterested and reliable evidence, which, if true, conclusively proved the alien's case. Its credibility could not be assailed on rational grounds, without some evidence to discredit it." Finding the explanation of the failure to produce it, namely, its retention by the American consul in Buenos Aires, who had taken relator's affidavit wherein the production of the certificate before him was averred, adequate, he held that "thus to exclude him without any evidence justifying its rejection was to deny him a fair hearing." On this ground he entered an order sustaining the writ.

But, holding that the question whether he was "entitled to admission is quite another matter," a reference was given to a special master. It was ordered that the writ be "sustained, and he be released, provided he files a bond * * * in the sum of $1,000 conditioned that the matter be referred to Hon. William Parkin, as special master, to hear, take proof, and report thereon, with his opinion as to whether or not said alien is entitled to admission into the United States. The respondent shall have time to obtain from the American consul at Buenos Aires certificates of the police of Buenos Aires alleged by the alien to have been filed by him prior to his application for admission into the United States, showing that he has resided in the Argentine for five years next to his application for admission into the United States. In the event that said certificates have not been obtained by the respondent, the special master shall take secondary evidence to be produced by the alien. It is further ordered, adjudged, and decreed that the alien shall abide by the further order of the court, and in the event that an order of this court is entered denying the alien the right to admission into the United States, then and in such event the alien shall surrender himself * * * for deportation."

The special master took additional evidence, which he reported with his findings and conclusion that the relator was entitled to

14 F.(2d)—8

admission. Exceptions thereto, heard by another District Judge, were sustained, and the writ ordered dismissed. To reverse this order the present appeal was taken.

It is unnecessary to determine whether under Tod v. Waldman, 266 U. S. 113, 45 S. Ct. 85, 69 L. Ed. 195 (see, too, United States ex rel. Scimeca v. Husband [C. C. A.] 6 F. [2d] 957), which had not been decided at the time of Judge Hand's order, relator should have been remanded to the immigration authorities for a rehearing as to his admissibility, or whether because only the single question of continuous five years' residence in Argentine was involved, a judicial consideration and determination thereof either directly or by the report of a master was the proper procedure under Chin Yow v. U. S., 208 U. S. 13, 28 S. Ct. 201, 52 L. Ed. 369. For we are satisfied, whether only the record before the immigration authorities is to be considered, or that record is to be supplemented by the master's report, that relator had sustained the burden of establishing the fact of such residence and that there was no substantial evidence to justify his exclusion as coming within the quota provisions.

As he concededly was otherwise admissible, the order dismissing the writ is reversed, and relator discharged.