### Ex parte HARUMI MOTOSHIGE.
### No. 11357.

District Court, S. D. California, Central Division.
May 4, 1934.

J. Edward Keating and Theodore E. Bowen, both of Los Angeles, Cal., for petitioner.

Peirson M. Hall, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal., for respondent.

COSGRAVE, District Judge.

On December 23, 1931, petitioner, an alien and native of Japan, was questioned by the immigration inspector as to his right to remain in the United States. The result of the questioning, in the opinion of the inspector, justified further proceedings and warrant of arrest was applied for, issued, and hearings regularly conducted; the petitioner being represented by counsel. When the case was considered by the Department of Labor at Washington, where counsel for petitioner were present, it was decided that the Department of State should be asked to make further inquiries into the movements of petitioner through its consular representatives in Japan. This was with the knowledge of petitioner and his counsel, as further particulars to facilitate this inquiry were furnished by them. They knew that the investigation was proceeding in Japan in the manner described.

Later, however, the United States Consul at Nagasaki transmitted to the Secretary of State the result of his investigation, stating among other things that inquiry at the prefectural office in the locality designated by petitioner indicated that no passport had ever been issued to him. This letter was not shown to petitioner nor his counsel, but was considered by the Board of Review in their further consideration of the case. The Board recommended deportation, and warrant was accordingly issued.

Without reciting the evidence presented, it is sufficient to say that it was at least conflicting and fully justified the action taken. Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; Ex parte Wong Nung, 30 F.(2d) 766 (C. C. A. 9th); Chin Share Nging v. Nagle, 27 F.(2d) 848 (C. C. A. 9th).

It appears, however, without contradiction that the hearing was had in part, being the consideration of the letter of the consul referred to, in the absence of and without notice to petitioner or his counsel. Although the evidence taken at the hearings regularly held is ample to sustain the action taken, the spirit of the law requires that the fairness of the hearing shall not be open to question. To the extent described this hearing was unfair.

I do not think this result necessitates the discharge of the petitioner, however. The case should be remanded to the immigration authorities for further hearing after notice to petitioner and his counsel, where full opportunity will be given to petitioner to meet, if he is so advised, the report of the United States Consul at Nagasaki. Tod v. Waldman et al., 266 U. S. 113, 45 S. Ct. 85, 69 L. Ed. 195; White v. Wong Quen Luck (C. C. A.) 243 F. 547.

It is so ordered. Exception to injured parties.