**UNITED STATES ex rel. CERAMI v. UHL, District Director of Immigration.**

District Court, S. D. New York.

Jan. 4, 1935.

Joseph P. Doyle (by Hugh J. O'Brien) of Rochester, N. Y.; for relator.

Martin Conboy (by Malcolm A. Crusius), of New York City, for respondent.

BONDY, District Judge:

The alien has been ordered deported on the ground that he has been sentenced subsequent to May 1, 1917, to imprisonment more than once for a term of one year or more for the commission subsequent to entry of a crime involving moral turpitude. See 8 U. S. C. § 155 (8 USCA § 155).

On May 27, 1930, when he was seventeen years of age, having pleaded guilty to a charge of unlawful entry with intent to commit larceny, he was committed to the custody of the managers of the Society for the Reformation of Juvenile Delinquents in the City of New York and delivered to the superintendent of the New York House of Refuge on Randall's Island, maintained by said society. On March 8, 1932, having pleaded guilty to the charge of robbery in the second degree, he was imprisoned in the State Prison at Auburn for not less than one year nor more than five years.

The sole contention of the alien is that "the commitment to Randall's Island was not a sentence to imprisonment for a term of one year or more and that it was not a sentence to imprisonment at all."

The law under which the alien was committed to Randall's Island, New York Penal Law (Consol. Laws, c. 40), § 2184, repeatedly refers to the commitment as a sentence and uses these terms interchangeably.

The attention of counsel is directed to the heading of the section which reads, "Sentence to house of refuge, State Industrial School, and New York State Training School for Girls."

It authorizes the court to direct a person between the ages of sixteen and eighteen years "to be confined" in a house of refuge instead of sentenced to imprisonment in a state prison.

It is well settled that an indeterminate sentence to a reformatory is a sentence for a year or more. See United States ex rel. Rizzio v. Kenney (D. C.) 50 F.(2d) 418; United States ex rel. Morlacci v. Smith (D. C.) 8 F.(2d) 663; United States ex rel. Sirtie v. Commissioner (D. C.) 6 F.(2d) 233.

Although the courts have described the house of refuge as a place for the education and reformation of delinquents and not for their punishment (see People v. Degnen, 54 Barb. (N. Y.) 105, 110; People ex rel. Zeese v. Masten, 79 Hun, 580, 29 N.

888

Y. S. 891, 893), the house of refuge is now regarded as a penal institution. See People ex rel. Gorofsky v. Warden (Sup.) 183 N. Y. S. 885; People ex rel. Cunningham v. Warden (Sup.) 183 N. Y. S. 882; In re Schiavone (Sup.) 183 N. Y. S. 884.

Congress has not indicated that any distinction should be based on imprisonment in different types of penal institutions, be they state prison, state reformatory, or house of refuge. See United States ex rel. Morlacci v. Smith (D. C.) 8 F.(2d) 663, 664.

As Judge Augustus N. Hand said in United States ex rel. Paladino v. Commissioner (C. C. A.) 43 F.(2d) 821, 823: "While it cannot be doubted that the reformation of persons who had not become hardened criminals was a prime reason for the enactment of the Parole Commission Law, yet sentences in the indeterminate form there provided are punitive as well as reformatory."

The sentence of the alien to the House of Refuge therefore must be considered a sentence to imprisonment.

It should be noted that the warrant of deportation states that the alien was sentenced to imprisonment for commission of the crimes of "burglary and robbery, second degree"; whereas, the Immigrant Commissioner has found that the crimes were "unlawfully entering a building with intent to commit larceny therein; and robbery, second degree." Where the warrant of deportation is not supported by the findings of the administrative body, the writ should be sustained. Throumoulopolou v. United States (C. C. A.) 3 F.(2d) 803; Smith v. Hays (C. C. A.) 10 F.(2d) 145. The alien will be discharged unless within a reasonable time the defects in the proceedings are remedied or new proceedings begun, since, on the record before the court, the alien appears to be deportable except for the error in the warrant of deportation. Mahler v. Eby, 264 U. S. 32, 44 S. Ct. 283, 68 L. Ed. 549; Tod v. Waldman, 266 U. S. 113, 45 S. Ct. 85, 69 L. Ed. 195; United States ex rel. Zaffarano v. Corsi (C. C. A.) 63 F. (2d) 757. Ten days should be sufficient.

The alien has resided in this country since June, 1913, when he was about three months old. His three brothers and two sisters were born in the United States. His deportation will be tantamount to exile from a country in which he has always lived to a country in which he will be a stranger. These are circumstances, however, which cannot be considered by this court.