**UNITED STATES ex rel. DI PAOLA v. REIMER, Commissioner of Immigration.**

**No. 257.**

Circuit Court of Appeals, Second Circuit.

Feb. 27, 1939.

John S. Wise, Jr., of New York City, for appellant.

Gregory F. Noonan, U. S. Atty., of New York City (Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The appellant was born in Italy and in 1923 was living with his wife and infant daughter on his own farm in his native town. In April of that year he left Italy for Buenos Aires, Argentina, to which country he was admitted under a regularly visaed Italian passport. He remained there for seven years but did not become a citizen of Argentina. In July 1930 he came from Buenos Aires to the United States as a stowaway not in possession of an unexpired immigration visa. Here he has had continuous employment as a shoemaker and has lived with his married sister and his mother, both of whom have been legally admitted. His wife and daughter still reside in Italy. He has continued to contribute to the support of his daughter but has sent no money to his wife since learning that for two years during his absence she lived in adultery with a man of his native town. In April 1938 the alien was arrested by the immigration authorities, given a hearing, and ordered deported to Italy. Concededly he is subject to deportation. His writ of habeas corpus raises only the question whether he must be deported to the Argentine rather than to Italy.

■ Under section 20 of the Immigration Act of 1917, 8 U.S.C.A. § 156, the Secretary of Labor may, at his option, send deportable aliens to "the country whence they came" or to the foreign port at which they embarked. The quoted phrase has generally been held to mean the country of the alien's nativity, if it does not appear that he has acquired a domicil elsewhere. See Schenck v. Ward, 1 Cir., 80 F.2d 422, 426; United States ex rel. Mazur v. Commissioner, 2 Cir., 101 F.2d 707, handed down February 6, 1939. In the case last named, this court dealt with deportation of an alien in a situation somewhat similar to that of the present appellant. There a young Polish woman was legally admitted to Cuba and remained there for eleven years. During this period she was married and reared children, and she continued to reside in Havana for five years after her husband had deserted her and taken their children with him to Poland. We held that these facts were sufficient to rebut the presumption of a continuance of her domicil of origin; hence Cuba rather than Poland was "the country whence she came."

■ In the case at bar, we know nothing about the appellant's residence in Buenos Aires except the length of it. Nor do we know why he left Italy, or that he has severed the ties that formerly bound him to his native village. For aught that appears he may still own his farm, and his wife and daughter may be living on it. Except for his wife's infidelity, there is nothing to suggest that he may not always have considered his Italian farm as his permanent home, despite his seven years' residence in the Argentine. Although the question is not free from doubt, we cannot say that the evidence established that the alien's domicil of origin had been superseded.

■ Nevertheless, we think that in so doubtful a case fairness to the alien required that the matter of his domicil should have been inquired into by the immigrant inspector with more particularity than appears in the minutes of the hearing. Sending an alien to the country of his nativity rather than to the country from which he embarked is sometimes extremely harsh. At a hearing before immigration authorities the alien is often unrepresented by an attorney, or inefficiently represented, so that material facts bearing on the question of domicil will seldom be developed adequately unless the inspector directs inquiry to them. If not in all cases, at least in cases of doubt such as the present, we think the inspector ought to endeavor to develop the inquiry so that the record will show whether or not the alien has changed his domicil of origin. In United States v. Flynn, D.C.W.D.N.Y., 22 F.2d 302, where an alien entered the United States from Canada, the court suggested that the way to discover whether the alien had become domiciled in Canada was to send him to a Canadian port of entry and see whether he would be accepted. It would seem more appropriate that the investigation of domicil which is to be made the basis of deportation by United

States authorities should be made by them. In the case at bar the inquiry should have been pursued further than it was.

■ This does not, however, require that the relator be discharged from custody; he may be remanded for a further hearing before the immigrant inspector. If, as a result thereof, the Secretary of Labor determines that deportation should be to Argentina, the warrant of deportation may be amended; if, however, it appears that the alien's Italian domicil of origin has not been superseded, the warrant will stand. Unless the alien is accorded such further hearing within a reasonable time he should be discharged. See Mahler v. Eby, 264 U. S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; Tod v. Waldman, 266 U.S. 113, 120, 45 S.Ct. 85, 69 L.Ed. 195; United States v. Corsi, 2 Cir., 63 F.2d 757, 758.

The order is reversed and the cause remanded for further proceedings in conformity with this opinion.