## UNITED STATES ex rel. BISHOP v. WATKINS.

No. 99, Docket No. 20396.

Circuit Court of Appeals, Second Circuit.

Jan. 15, 1947.

506

Emanuel Trotta, of New York City, for relator-appellant.

John F. X. McGohey, U. S. Atty., of New York City (Stanley H. Lowell, Asst. U. S. Atty., of New York City, of counsel) for respondent-appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The relator has appealed from an order of the District Court for the Southern District of New York dismissing a writ of habeas corpus. He is held by the respondent under a warrant for his deportation pursuant to §§ 13 and 14 of Immigration Act of May 26, 1924, 8 U.S.C.A. §§ 213, 214, and also pursuant to §§ 19 and 20 of the Immigration Act of February 5, 1917, 8 U.S.C.A. §§ 155, 156. The grounds of deportation are that he entered the United States unlawfully in that he, though required to have one, had no unexpired immigration visa; and that he entered without inspection and by means of false and misleading statements.

He came in from Canada in June 1939 as a returning American citizen and now claims to be an American citizen by virtue of his birth in this country.

There is neither claim nor evidence that he is an American citizen because of any circumstance except his birth here and that evidence depends in one way or another wholly upon his own representations as to the fact made at various times and under various circumstances. Proof of that fact in the end depends upon what, if any, credence is to be placed upon his conflicting assertions about it. As we cannot review the question of his credibility it would be idle to summarize his evidence. It is enough to say that at the hearing below he testified that he was born in Salem, Mass., on June 17, 1900. There is no record of his birth at Salem and it appeared that he had in the past stated that he was born in Santa Barbara, Cal.; London, England; Geneva, Switzerland; and Vienna, Austria. The statement that Vienna was his birthplace was made by him at London on April 12, 1923, when he there registered with the Metropolitan Police. He was afterwards deported to Austria from England.

The burden is upon the government in a deportation proceeding to show that the person ordered deported is an alien. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. '54, 68 L.Ed. 221; Brewster v. Villa, 5 Cir., 90 F.2d 854. Proof of the relator's former statements that he had been born in places other than Salem, Mass., was evidence not only in contradiction of his testimony that the place of his birth was Salem, but because that proof showed admissions by a party, it was evidence that the fact was as he stated it when he made each representation. With such proof presented, it was within the province of the trial judge as the sole arbiter of the credibility of the witness, Oliver v. Bell, 3 Cir., 103 F.2d 760, to decide if he could, where the plaintiff was born. He made that decision, after expressing in forcible language his distrust of the relator's veracity, by finding that the relator was "an alien, a native and citizen of Austria." The finding that he was a native of Austria, based upon the relator's own assertion, cannot now be held clearly erroneous. Certainly the relator cannot justly complain that, after he had himself made such conflicting assertions as to his birthplace, the court chose to believe that he was right in at least one instance even if the choice was presently not to the relator's advantage. We search the record only to determine whether there is some substantial evidence to support findings and, if there is, give them effect unless they are clearly wrong. The Black Gull, 2 Cir., 82 F.2d 758; Taylor v. Scarborough, 2 Cir., 66 F.2d 589; Shapiro, Bernstein & Co. v. Bryan, 2 Cir., 123 F.2d 697. Consequently, we accept the finding that the relator is a native citizen of Austria.

The second point is whether the order for his deportation to Austria was erroneous. We held in United States ex rel. Di Paola v. Reimer, 2 Cir., 102 F.2d 40, 41, that under the relevant statute, 8 U.S.C.A. § 156, an alien might at the option of the designating authority be deported to the

country of his nativity as a destination within the statutory phrase "the country whence they came" provided "it does not appear that he has acquired a domicil elsewhere" and remanded the cause for a fair inquiry as to that fact. In the instant case the relator was examined in the trial court at length as to his sojournings and there is no finding that he ever acquired a domicile other than that of his birth or any evidence to support such a finding.

It is not reasonable to believe that further investigation of that subject would change the situation or that the administrative officials acted arbitrarily. Without such a showing, the order cannot be held unlawful. United States ex rel. Lesto v. Day, 2 Cir., 21 F.2d 307; United States ex rel. Giletti v. Commissioner, 2 Cir., 35 F.2d 687.

Affirmed.