UNITED STATES ex rel. PICICCI v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

UNITED STATES ex rel. RIZZI v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

Nos. 161–162, Dockets 21553, 21554.

United States Court of Appeals
Second Circuit

Argued Feb. 28, 1950.

Decided March 17, 1950.

As Amended on Denial of Rehearing
April 18, 1950.

J. Nicholas Long, New York City, for relators-appellants;

Irving H. Saypol, New York City (William J. Sexton, New York City, of counsel); (Louis Steinberg and Lester Friedman, Immigration and Naturalization Service, New York City, of counsel), for respondent-appellee.

Before L. HAND, Chief Judge and GOODRICH and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The statute, 8 U.S.C.A. § 136($l$) provides that stowaways shall be excluded but that, "if otherwise admissible," they "may be admitted in the discretion of the Attorney General." The parties to these appeals appear to agree that the orders of the Board of Special Inquiry, in directing the rela-

tors' exclusion, held, in. effect, that relators were not "otherwise admissible."

8 U.S.C.A. § 136(q) provides that the Commissioner, with the approval of the Attorney General, shall issue regulations "to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission."[2] Regulations on that subject are found in 8 C.F.R. (1949 Ed.) §§ 132.2 to 132.4. Section 132.4 reads: "The cases of all aliens of the excludable classes brought to seaports of the United States who apply for temporary admission, except cases within § 132.3, shall be submitted to the Department for special ruling." Relators are not within the terms of § 132.3.[3] We construe the word "Department" in § 132.4 to mean the Board of Immigration Appeals.[4] Accordingly, we think the Commissioner was required to submit to that Board the relators' applications for temporary admission. As § 132.4 is mandatory, it was not necessary for relators to appeal to that Board. Consequently, they had exhausted their administrative remedies. We think, also, that an application for temporary admission may be made at any time before actual departure from our shores. We do not agree with respondent's argument that temporary admission is restricted to the kinds of persons described in 8 U.S.C.A. § 203, since 8 U.S.C.A. § 136(q) contains no such restriction.[5]

We reverse and remand with directions to release the relators unless, within a reasonable time to be fixed by the District Court, (1) the Commissioner submits to the Board of Immigration Appeals relators' applications for temporary admission, and (2) the Board acts upon those applications.[6]

Reversed and remanded.

2. That failure to possess a visa does not preclude the exercise of such discretion, cf. Stone ex rel. Colonna v. Tillinghast, 1 Cir., 32 F.2d 447.

3. Nor within §§ 132.1 or 132.2.

4. In his petition for rehearing, respondent did not dispute the correctness of this construction.

5. Moreover, 8 U.S.C.A. § 136 (r) provides that nothing in § 136 shall be construed to apply to one class included in 8 U.S.

C.A. § 203, i. e., "accredited officials of foreign governments." This goes to show that 8 U.S.C.A. § 203 does not govern 8 U.S.C.A. § 136 (q).

6. Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; Tod v. Waldman, 266 U.S. 113, 45 S.Ct. 85, 69 L.Ed. 195; Mastrapasqua v. Shaughnessy, 2 Cir., 1950, 180 F.2d 999; U. S. ex rel. Di Paolo v. Reimer, 2 Cir., 102 F.2d 40, 42; U. S. ex rel. Mazur v. Commissioner of Immigration, 2 Cir., 101 F.2d 707, 709.