181 F.2d 304
 UNITED STATES ex rel. PICICCI
v.
DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.
UNITED STATES ex rel. RIZZI
v.
DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.
 Nos. 161-162.
 Docket 21553.
 Docket 21554.
 United States Court of Appeals Second Circuit
 Argued February 28, 1950.
 Decided March 17, 1950.
 As Amended on Denial of Rehearing April 18, 1950.
 
 On February 24, 1949, the relators, who are Italians, arrived as stowaways without passports or visas, at Philadelphia on an Italian ship. After hearings, a Board of Special Inquiry ordered them excluded from admission to the United States. From these decisions, relators took no appeal. They were not at once deported because their testimony was needed on behalf of the United States in a criminal prosecution of other persons. When this prosecution terminated, arrangements for the execution of the exclusion orders were made. However, on August 1, 1949, a private bill was introduced in the United States Senate to grant relators the right of admission into the United States for permanent residence. On August 24, 1949, the Assistant Commissioner of Immigration directed that deportation be held in abeyance until January 1, 1950, in view of the pendency of the Senate bill. On August 25, 1949, counsel for relators applied on their behalf to the Commissioner of Immigration for their temporary admission, pending action on the Senate bill.[1] When this application was denied, relators filed, in the court below, petitions, and amended petitions, for writs of habeas corpus. Relators appeal from orders dismissing those writs. The two appeals have been heard together by agreement of the parties.
 J. Nicholas Long, New York City, for relators-appellants;
 Irving H. Saypol, New York City (William J. Sexton, New York City, of counsel); (Louis Steinberg and Lester Friedman, Immigration and Naturalization Service, New York City, of counsel), for respondent-appellee.
 Before L. HAND, Chief Judge and GOODRICH and FRANK, Circuit Judges.
 FRANK, Circuit Judge.
 The statute, 8 U.S.C.A. § 136(l) provides that stowaways shall be excluded but that, "if otherwise admissible," they "may be admitted in the discretion of the Attorney General." The parties to these appeals appear to agree that the orders of the Board of Special Inquiry, in directing the relators' exclusion, held, in effect, that relators were not "otherwise admissible."
 8 U.S.C.A. § 136(q) provides that the Commissioner, with the approval of the Attorney General, shall issue regulations "to control and regulate the admission and return of otherwise inadmissible aliens applying for temporary admission."[2] Regulations on that subject are found in 8 C.F.R. (1949 Ed.) §§ 132.2 to 132.4. Section 132.4 reads: "The cases of all aliens of the excludable classes brought to seaports of the United States who apply for temporary admission, except cases within § 132.3, shall be submitted to the Department for special ruling." Relators are not within the terms of § 132.3.[3] We construe the word "Department" in § 132.4 to mean the Board of Immigration Appeals.[4] Accordingly, we think the Commissioner was required to submit to that Board the relators' applications for temporary admission. As § 132.4 is mandatory, it was not necessary for relators to appeal to that Board. Consequently, they had exhausted their administrative remedies. We think, also, that an application for temporary admission may be made at any time before actual departure from our shores. We do not agree with respondent's argument that temporary admission is restricted to the kinds of persons described in 8 U.S.C.A. § 203, since 8 U.S.C.A. § 136(q) contains no such restriction.[5]
 We reverse and remand with directions to release the relators unless, within a reasonable time to be fixed by the District Court, (1) the Commissioner submits to the Board of Immigration Appeals relators' applications for temporary admission, and (2) the Board acts upon those applications.[6]
 Reversed and remanded.
 
 
 
 Notes:
 
 
 [1]
 The amended petitions for the writs of habeas corpus alleged that on behalf of the relators a lawyer had "appeared before the Commissioner of Immigration and Naturalization and made formal application, orally and in writing, for the temporary admission of petitioner, pending action on said Senate Bill No. 2359 under the provisions of the Ninth Proviso of Section 3 of the Immigration Act of February 5, 1917 (8 U.S.C. 136-q) * * *" In respondent's return to the writs, this allegation was not denied
 However, this allegation in each of the amended petitions was based solely upon a letter to the Commissioner, reading in part as follows:
 "These detainees are in a position to post suitable bonds for the purpose of being released from custody pending final determination of the aforesaid private bill, and in view of the substantial saving that will accumulate to the benefit of the Government by releasing these detainees until such time, it is respectfully requested that arrangements be made at your earliest convenience for their release under bond in such amount as may be deemed suitable. In connection with this request, I would like to take the liberty of suggesting that if it is found possible to grant the same, the New York office be advised thereof by telephone or telegraph at my expense. In view of the circumstances described above with referance to these detainees, I sincerely hope that you will find it possible to grant them the privilege of release from custody pending final disposition of the private bill introduced in Congress in their behalf."
 
 
 [2]
 That failure to possess a visa does not preclude the exercise of such discretion, cf. Stone ex rel. Colonna v. Tillinghast, 1 Cir., 32 F.2d 447
 
 
 [3]
 Nor within §§ 132.1 or 132.2
 
 
 [4]
 In his petition for rehearing, respondent did not dispute the correctness of this construction
 
 
 [5]
 Moreover, 8 U.S.C.A. § 136 (r) provides that nothing in § 136 shall be construed to apply to one class included in 8 U.S. C.A. § 203, i. e., "accredited officials of foreign governments." This goes to show that 8 U.S.C.A. § 203 does not govern 8 U.S.C.A. § 136 (q)
 
 
 [6]
 Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; Tod v. Waldman, 266 U.S. 113, 45 S.Ct. 85, 69 L.Ed. 195; Mastrapasqua v. Shaughnessy, 2 Cir., 1950, 180 F.2d 999; U. S. ex rel. Di Paolo v. Reimer, 2 Cir., 102 F.2d 40, 42; U. S. ex rel. Mazur v. Commissioner of Immigration, 2 Cir., 101 F.2d 707, 709