**UNITED STATES ex rel. ADEL v. SHAUGHNESSY, District Director of Immigration and Naturalization.**

No. 243, Docket 21691.

United States Court of Appeals Second Circuit.

Argued June 7, 1950.

Decided June 26, 1950.

372

Vincent J. Cuti, New York City, for appellant.

Irving H. Saypol, New York City (William J. Sexton, New York City, of counsel) Louis Steinberg, New York City, District Counsel, Immigration & Naturalization Service, Lester Friedman, New York City, Attorney, Immigration & Naturalization Service, of counsel, for appellee.

Before AUGUSTUS N. HAND, CLARK and FRANK, Circuit Judges.

2. United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489.

3. In such a case, the court can do no more than to require that the discretion

FRANK, Circuit Judge.

■ We agree with this statement of the district judge: "As I read the record, relator's applications were refused not because the Board had no power to grant the application, nor because it found that relator had not proved good moral character for five years previous, nor because she failed to prove seven years' residence in the United States * * * In other words, the Board, while admitting that relator was qualified to ask for the relief, exercised its discretion and ruled against her."

■■ Relator argues that she was entitled, after the statute's amendment, to a new hearing in which she might present evidence to show that she had never been connected with the business of prostitution. Assuming, *arguendo,* that ordinarily such a person would have been entitled to such a hearing, relator had no such right because the Board could properly rely on the findings of the Inspector made in 1946. Those findings were supported by sufficient evidence. Consequently, the Board could properly base its discretionary determination on those findings. The courts cannot review the exercise of such discretion; they can interfere only when there has been a clear abuse of discretion[2] or a clear failure to exercise discretion.[3]

■ There remains the following argument: (a) 8 U.S.C.A. § 707(a) provides that an applicant for naturalization must establish "good moral character" for the five years preceding the filing of his petition. (b) Those words have been construed to render irrelevant (except where the statute otherwise specifically provides) the applicant's character previous to those five years. (c) Therefore the similar words in 8 U.S.C.A. § 155(c) as amended must be

be exercised, one way or the other. Tod v. Waldman, 266 U.S. 113, 118, 45 S. Ct. 85, 69 L.Ed. 195; Mahler v. Eby, 264 U.S. 32, 46, 44 S.Ct. 283, 68 L.Ed. 549; U. S. ex rel. Mazur v. Commissioner, 2 Cir., 101 F.2d 707, 709; U. S. ex rel. Di Paola v. Reimer, 2 Cir., 102 F.2d 40, 42; U. S. ex rel. Knauff v. McGrath, 2 Cir., 181 F.2d 839.

similarly construed, with the result that, in exercising discretion, there may not be considered the character of the relator before July 1, 1943 (that being the date five years preceding July 1, 1948,[4] the day when relator could first have sought this discretionary relief). We do not accept that argument. We think that, in the amended section, the good moral character for the preceding five years is a necessary but not a sufficient condition of the granting of relief.[5] It was therefore open to the Board to take into account relator's earlier bad character.

Affirmed.

---

**4.** The date of the statutory amendment.

**5.** Consumption of salt is a necessary condition to a man's survival, but the consumption of salt will not alone suffice as a condition of that survival.