**UNITED STATES ex rel. KALOUDIS v. SHAUGHNESSY.**

United States District Court
S. D. New York.

May 21, 1952.

Lebovici & Safir, New York City, for relator.

Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, William J. Sexton, Asst. U. S. Atty. for Southern District of New York, New York City, for respondent.

NOONAN, District Judge.

Relator has sued out this writ of habeas corpus to obtain his release from custody under an order of deportation. The hearing upon which the present deportation order issued was the second one accorded relator. Following the previous hearing, the relator was ordered deported, and discretionary relief denied him. He then sued out a writ of habeas corpus which was dismissed by this Court. On February 20, 1950, such dismissal was upheld by the Court of Appeals, United States ex rel. Kaloudis v. Shaughnessy, 2 Cir., 180 F.2d 489. On the date of the decision by the Court of Appeals (February 20, 1950), the Supreme Court decided the case of Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, holding that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., applied to deportation hearings. Accordingly, relator's deportation proceeding was reopened to afford him a hearing de novo under the provisions of the Administrative Procedure Act.

Relator argues, generally, that in this later proceeding he was denied a fair hearing and that the order of deportation, challenged here, was made in violation of the Administrative Procedure Act. He specifically urges that the findings of the hearing examiner were based on evidence outside of the record, and also that such findings were not based upon substantial evidence. Relator directs his argument primarily to the fact that discretionary relief was denied him, and contends that this denial by the hearing examiner was on the stated ground of membership in two organizations "proscribed" by the Attorney General, and thus such a determination was

based on facts not in the record. He concludes, therefore, that the denial was arbitrary and an abuse of discretion.

 A hearing examiner has no authority to exercise the Attorney General's power under Section 155(c)(2) of Title 8 U.S.C.A. He may only determine the relator's eligibility therefor, 8 C.F.R. 151.5. Federal Register March 10, 1950, page 1301. The hearing examiner did, in fact, find that the relator met the statutory requirements for discretionary relief.

 The Commissioner, however, did exercise his discretion as did the Board of Immigration Appeals, and ruled against the relator. The Courts cannot review the exercise of such discretion in the absence of a showing that there is a clear abuse thereof, United States ex rel. Kaloudis v. Shaughnessy, supra, or a clear failure to exercise discretion. United States ex rel. Adel v. Shaughnessy, 2 Cir., 183 F.2d 371.

In his argument concerning the denial of discretionary relief to him, relator makes an assumption, which I believe is unwarranted by the record, that the sole basis for the denial of relief was membership in the organizations referred to. It seems abundantly clear that the decision was based on "consideration of all of the evidence of record". I am aware that a mere recital to the effect just quoted is not a cure-all but likewise, I am not prepared to conclude that upon all the facts in the record there was an abuse of discretion. Furthermore, even if we assume arguendo that the sole basis for denial was as relator asserts, such contention is answered by the decision of the Court of Appeals in United States ex rel. Kaloudis v. Shaughnessy, supra. Nor was this decision of the Court of Appeals in any way modified by the Supreme Court in Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 71 S. Ct. 624, 95 L.Ed. 817.

Finally, relator claims that he would be subjected to physical persecution if deported to Greece. However, the government has been restrained from deporting relator to Greece by an order of Judge McGohey until the finding required by Sec. 23 of the Internal Security Act, 8 U.S.C.A.

§ 156, has been made. It appears in any event that the relator is to be deported to Poland, the country of his choice, and Poland has agreed to accept him. On the record as a whole, the writ is accordingly dismissed.