STRETTON, U. S. Immigrant Inspector, v. RUDY.†

(Circuit Court of Appeals, Fifth Circuit. March 8, 1910.)

No. 1,954.

1. HABEAS CORPUS (§ 79*)—RETURN—FACTS.

   The return to a writ of habeas corpus, reciting facts, imports verity until impeached.

   [Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 70; Dec. Dig. § 79.*]

2. HABEAS CORPUS (§ 90*)—DEPORTATION—RETURN.

   A return to a writ of habeas corpus on petition of a female alien detained under an order of deportation, alleging that she was arrested under

a warrant of the Department of Commerce and Labor as a prostitute having entered the United States for immoral purposes; that proceedings were had according to law, ending in a decree of deportation on the ground that she was an alien prostitute when she entered the United States and had practiced prostitution within three years thereafter; and that the Secretary of Commerce and Labor had reviewed all the evidence and had confirmed the deportation order—showed that she was lawfully in custody, and, without evidence controverting such facts, the court erred in releasing her from custody.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 80; Dec. Dig. § 90.*]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Habeas corpus on petition for the discharge of Mrs. Fanny Rudy from the custody of Peter H. Stretton, United States Immigrant Inspector. From a judgment discharging petitioner, the inspector appeals. Reversed, with instructions.

Charlton R. Beattie, for appellant.
H. L. Landfried, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. This is an appeal from a judgment on habeas corpus discharging Mrs. Fanny Rudy from the custody of the United States immigrant inspector.

Mrs. Rudy, describing herself as a citizen of the United States, in her petition addressed to the Circuit Court, among other things not necessary to recite, alleged that she had been a resident of the United States for the past seven years, and that she was being illegally held and detained in the House of the Good Shepherd in the city of New Orleans under an alleged violation of Act Feb. 20, 1907, c. 1134, § 3, 34 Stat. 899 (U. S. Comp. St. Supp. 1909, p. 450); that at first she was given to understand that she was detained as a witness in some (not mentioned) criminal case; that she had been deceived while so held into making a statement on which was predicated an order for her deportation from the United States under the aforementioned section 3 of the act of July 1, 1907, and she charges the immigration officer with deceit and misrepresentation, and a violation of rule 35 of the Immigration Bureau of Commerce and Labor; that she had been denied the opportunity to show cause why she should not be deported; that she was not represented by counsel; and that she had been denied the right to inspect the evidence, or any part of it, upon which the Secretary of Commerce and Labor had acted in ordering her arrest and deportation, and had been denied the right to give evidence.

Her petition was sworn to by her attorney, and thereupon a writ of habeas corpus was issued.

Peter H. Stretton, immigration inspector, made respondent, filed an answer to the petition, in which he denied all the allegations to the petition not therein admitted, and states:

"That he is the inspector in charge of immigration at the port of New Orleans, and as such a warrant for the arrest of plaintiff was issued to him under date of February 3, 1909, by the Department of Commerce and Labor,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commanding him to arrest the said Fanny Rudy, born Fanny Rothenburg, as an alien and a member of one of the excluded classes, in that she is a prostitute, and that she was such at the time of her entry into the United States, and that her entry into the said United States was for the purpose of prostitution and for immoral purposes, in violation of the act of February 20, 1907; she having landed at the port of New York, ex steamer Velasco, on the 6th day of May, 1908, and by virtue of said warrant for arrest your respondent held the said Fanny Rudy in custody; that your respondent, before arresting the said Fanny Rudy, took her testimony, and informed her that she had the right to be represented by counsel and to furnish bond, all this being done in the presence of D. Downing, inspector and stenographer, but that she declared she would not avail herself of counsel. Your respondent further states that the proceedings were according to law and regular, and her testimony was transmitted to the Department of Commerce and Labor by your respondent, and that the said Department of Commerce and Labor did on the 11th day of February, 1909, decree that the said Fanny Rudy should be held for deportation, and deported to the country from whence she came, as being an alien prostitute at the time of her entry in the United States, and having been found practicing prostitution within a period of three years subsequent to her entry into this country, and accordingly issued on the 11th day of February, 1909, an order of deportation for the deportation of the said Fanny Rudy, born Fanny Rothenburg, and that by virtue of the said original warrant of arrest, and the said order of deportation, your respondent, Peter H. Stretton, inspector as aforesaid, holds the said Fanny Rudy in custody.

"Further answering, your respondent, Peter H. Stretton, states that, pending this order of deportation, it became necessary to hold and detain the said Fanny Rudy as a material witness in the case of United States v. Samuel Felix, alias Sam Felix, in the United States Circuit Court for the Eastern District of Louisiana; hence she was not forthwith transported as commanded in the said order of deportation."

Thereafter the petitioner filed a supplemental petition, in which she alleged as follows:

"That under the decision of the Department of Commerce and Labor, ordering her deportation to Brazil, she will be subjected to extreme hardship, if such order shall be executed, for these reasons to wit:

"Petitioner avers that when she went to Brazil, some 14 months ago, her intention was only to remain there temporarily, and as a matter of fact she did remain there only one week, when she returned to her home in New York. She alleges, further, that she is a native of Austria, where her father now lives, with the remaining members of her family, except a sister and a brother, who, as the record in this case shows, live in New York. She avers that, to be deported to a country like Brazil, where she has neither friend nor relative, and no absolute visible means of supporting herself, would be subjecting her to hardships, which the immigration statutes of this country do not contemplate or permit.

"Petitioner alleges that the Department of Commerce and Labor, in ordering her deportation to Brazil, used its broad discretion adversely to her at a time when petitioner was to have been used as the government's main witness in a serious criminal case, then pending before this honorable court; but she alleges and now points out to the court that that condition no longer exists, that the criminal case referred to has been terminated, and that, while the exercise of the Department's discretion may have been justifiable under the conditions previously existing, such an exercise of departmental discretion would now be harsh and unwarranted under the law."

This was also sworn to by attorney.

A sworn answer was filed to the supplemental petition by Thomas V. Kirk, commissioner of immigration of the port of New Orleans, saying:

"That since filing the said petition, and since filing the original answer herein by Peter H. Stretton, inspector in charge of immigration, he has been

appointed and qualified and assumed the duties of commissioner of immigration at the port of New Orleans.

"And, further answering, respondent says that the Secretary of Commerce and Labor, under date of February 11, 1909, issued a warrant of deportation for the alien Fanny Rudy (born Fanny Rothenburg), after due consideration and decision upon all the evidence offered and filed in this case on behalf of the government, as well as on behalf of said alien.

"That the said warrant of deportation is the result of the conclusion of the immigration officers of the government, and especially the Secretary of Commerce and Labor, based upon all the evidence adduced, and on the laws of the United States, especially immigration act of February 20, 1907."

After these pleadings, and so far as the record shows without other pleadings or evidence, the cause came on to be heard before the court, whereupon the writ of habeas corpus was made absolute, and Mrs. Rudy discharged from custody.

The immigration officer sued out this appeal, and thereupon the court ordered Mrs. Rudy to give bond for her appearance before this court when required.

The transcript shows no traverse either by pleadings or evidence of facts recited in the returns of the immigration officers to the writ of habeas corpus. The return on a writ of habeas corpus reciting facts imports verity until impeached. Crowley v. Christensen, 137 U. S. 86–94, 11 Sup. Ct. 13, 34 L. Ed. 620.

The returns show a state of facts under which Mrs. Rudy was lawfully held in custody; and, without evidence controverting the said facts, the court erred in releasing her from the custody of the immigration officers. See Japanese Immigrant Case, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721, and Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.

The decree appealed from is reversed, and the cause is remanded, with instructions to enter judgment dismissing the writ, and returning Mrs. Rudy to custody of immigrant officers.