### UNITED STATES ex rel. D'ISTRIA v. DAY, Commissioner of Immigration.

Circuit Court of Appeals, Second Circuit. June 6, 1927.

No. 386.

1. **Habeas corpus** ⟨⟩83—**In absence of traverse to return on habeas corpus to review alien's detention, there was no issue for court to try (Comp. St. § 1288).**

Where return to petition for habeas corpus to review detention of alien by commissioner of immigration was not traversed under Comp. St. § 1288, and did not show that relator had not had a fair hearing, there was no issue for the court to try, since the return was conclusive, unless traversed.

2. **Aliens** ⟨⟩54(7)—**Alien seaman, claiming exemption from provision excluding seamen from admission, has burden of proving intention to reship (Quota Act, § 19 [Comp. St. § 4289¾ii]; Comp. St. § 4289¼rr).**

Alien seaman, claiming exemption from Quota Act, § 19 (Comp. St. § 4289¾ii), forbidding any seaman to land, except as allowed by regulation, has burden of proving intention to reship in accordance with Act Feb. 5, 1917, § 33 (Comp. St. § 4289¼rr).

3. **Aliens** ⟨⟩54(10)—**Detaining alien seaman without fair hearing relative to intention to reship held unlawful (Comp. St. § 4289¼rr).**

Detention of alien seaman by commissioner of immigration, without according him a fair hearing relative to his intention to reship, pursuant to Act Feb. 5, 1917, § 33 (Comp. St. § 4289¼rr) held unlawful, in that inspector must accord seaman a hearing, and give him chance to show that he is landing with intention to reship as statute requires.

4. **Habeas corpus** ⟨⟩109—**Where alien seaman was denied hearing on intention to reship, he should on habeas corpus be remitted to commissioner for hearing (Comp. St. § 4289¼rr).**

Where alien seaman was detained by commissioner of immigration without a fair hearing as to his intention to reship, pursuant to Act Feb. 5, 1917, § 33 (Comp. St. § 4289¼rr), proper procedure on habeas corpus is to remit alien to custody of commissioner for hearing before duly detailed immigration inspector.

5. **Aliens** ⟨⟩54(14)—**Alien seaman, detained by commissioner of immigration, is not entitled to hearing before board of inquiry or appeal to Secretary of Labor (Comp. St. §§ 4289¼i; Quota Act, § 20 [Comp. St. § 4289¾jj]).**

Alien seaman, detained by commissioner of immigration, held not entitled to hearing before a board of special inquiry under Act Feb. 5, 1917, § 16 (Comp. St. § 4289¼i), nor to appeal to Secretary of Labor under Quota Act, § 20 (Comp. St. § 4289¾j).

Appeal from the District Court of the United States for the Eastern District of New York.

Habeas corpus by the United States, on the relation of Ciro D'Istria, against Benjamin M. Day, Commissioner of Immigration, Port of New York. From an order of dismissal, relator appeals. Reversed and remanded.

Appeal from an order dismissing a writ of habeas corpus to review the detention of the relator by the commissioner of immigration.

The relator, an Italian, was a member of the crew of the steamer Cherca, which arrived in the port of New York on February 27, 1927. An immigration inspector boarded her at Quarantine and examined the manifest of aliens in the master's possession. Against the names of seven seamen, including the relator, in the column stating which of the crew were to be paid off or discharged at the port of arrival, there was no entry. Learning that these men were to be discharged at New York, the inspector inquired of the master why the space had been left blank, and was told that this had happened through a mistake. Being suspicious for this reason, and also because of a letter received by the Department of Labor, which advised it that part of the Cherca's crew meant unlawfully to enter the United States, the inspector refused to allow any of the seven to land, and directed the master to detain them on board, which he did. The inspector did not examine any of the men personally, or give them any opportunity to prove that they intended to enter temporarily and to reship upon another foreign ship.

The relator alone of all the seven sued out this writ and appealed from the order denying it.

Gaspare M. Cusumano, of New York City, for appellant.

Albert D. Smith, of Brooklyn, N. Y., for appellee.

Before MANTON and L. HAND, Circuit Judges, and CAMPBELL, District Judge.

L. HAND, Circuit Judge (after stating the facts as above). No point is raised that this writ was directed to the Commissioner of Immigration, and not to the master of the vessel. We do not, therefore, consider its propriety in this regard, or whether detention

by the master at the Commissioner's order was detention by the Commissioner himself.

[1] The cause comes up upon the petition, the return and the evidence taken before the District Court. This was irregular. As there was no traverse under Revised Statutes, § 760 (Comp. St. § 1288), and as the return did not show that the relator had not had a fair hearing, there was, strictly speaking, no issue, and nothing for the court to try, since the return is conclusive unless traversed. Crowley v. Christensen, 137 U. S. 86, 94, 11 S. Ct. 13, 34 L. Ed. 620; Stretton v. Rudy, 176 F. 727 (C. C. A. 5). However, since the parties treated the return as though it had been impeached by a traverse, and the court took evidence on that understanding, we ignore this formal error.

[2] Section 33 of the act of 1917 (Comp. St. § 4289¼rr) makes it unlawful to discharge a seaman in the United States, unless he intends to reship on another vessel bound to a foreign port, and then only in conformity with such regulations as the Secretary of Labor may promulgate. This section survives and is consistent with the Quota Act of 1924, section 3 (5), being Comp. St. § 4289¾aa, which exempts from the quota seamen seeking to enter temporarily in pursuit of their calling. Section 19 of the Quota Act (Comp. St. § 4289¾ii) forbids any seaman "excluded from admission" to land except as allowed by the regulations. We read it as meaning that an alien seaman discharged in the United States is "excluded from admission" by section 33 of the act of 1917, unless he intends to reship and satisfies the regulations passed to ascertain that intention. Possibly section 19 is redundant, but like section 3 (5) it is consistent with section 33 of the act of 1917. The only relevant regulation is rule 6, subdivision E, paragraph 4, which requires a seaman to establish to the satisfaction of the immigration inspector that he seeks to enter solely in pursuance of his calling and that he does not intend to abandon it. This is a valid regulation and lawfully imposes the burden upon the seaman.

[3] However, while we agree that the procedure may be summary, and indeed was intended so to be, we think that the inspector must accord the seaman a fair hearing, and give him the chance to show that he is landing as the statute requires. The record shows that in the case at bar the inspector did not do this. Relying upon the suspicious evidence of the manifest, his questions to the master, and the letter to the department, he merely passed the suspected seamen before him in line, and thereupon ordered their detention. Thus he deprived them of any opportunity to disabuse him of his suspicions and to prove their intent.

[4] The detention was therefore unlawful, and the writ should have been allowed. However, this does not involve the release of the relator. The proper procedure is to remit him to the custody of the Commissioner, who should then give him a hearing before a duly detailed immigration inspector. Tod v. Waldman, 266 U. S. 113, 45 S. Ct. 85, 69 L. Ed. 195. Detention by that inspector, assuming that the hearing be fair, and that the relator does not succeed in carrying the burden of proof imposed by the regulation will be valid. We have no reason at this stage of the case to pass upon any questions which may be raised at that time, as the record will almost certainly be different.

[5] The act of 1917 does not give a seaman the right to a hearing before a board of special inquiry, nor to an appeal to the Secretary of Labor. Hearings before such boards and appeals from their findings are provided by section 16 of that statute (Comp. St. § 4289¼i), but they are only meant for immigrants seeking general admission to the United States. The interest here involved concerns no more than the seaman's temporary entrance in search of another berth, and is limited to 60 days by rule 6, subdivision I, paragraph 2. It is a much less vital matter than an unrestricted entry, which generally presupposes a change of domicile, and the hope of a change in allegiance. What Congress thought necessary protection in the one case was presumptively not meant to apply to the other. At least there is no intimation of it.

Nor does section 20 of the Quota Act of 1924 (Comp. St. § 4289¾j) give an appeal to the Secretary of Labor as the relator argues. Detention and deportation are quite different things; only the Secretary may deport. We incline to believe that the section speaks distributively and refers detention to the action of the inspector, and deportation to that of the Secretary. That is consistent with the general plan of the immigration statutes, and best suits the language used, which on any other construction becomes obscure. However, we need not go so far as to hold that this is a necessary interpretation. It is enough to say that if any appeal had been intended, it would have been more clearly put, as it was in section 16 of the act of 1917. Once more we suggest that the interest at stake is not of deep importance, and the right granted an easy cover for surreptitious entry. Seamen hoping to change to a better berth in our

ports must be content to accept as final any fair determination by an inspector who will hear their story. Indeed, in the case at bar, unless the appeal is pressed to settle the law, it seems curious that, if no more was really at stake, so much trouble should have been 'taken.

Order reversed, and cause remanded, for further proceedings in accordance with the foregoing opinion.