## GRAHAM v. UNITED STATES.

### No. 9228.

Circuit Court of Appeals, Ninth Circuit.

June 22, 1940.

Gallagher, Wirin & Johnson and A. L. Wirin, all of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Ralph E. Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a judgment whereby appellant,[1] an alien, was held in contempt of the District Court of the United States for the Southern District of California and, as punishment therefor, was sentenced to be imprisoned for six months.

On or shortly before November 23, 1937, a subpoena was issued to and served on appellant, pursuant to § 16 of the Act of February 5, 1917, c. 29, 39 Stat. 885,[2] 8 U.S. C.A. § 152. The subpoena required appellant to attend and testify before an immigrant inspector before whom investigations were being conducted in the Southern District of California. Appellant responded to the subpoena, but refused to answer questions put to him before the inspector. Thereafter, on November 23, 1937, the District Court issued an order requiring appellant to answer the questions. Appellant failed to obey the order and, being charged with contempt, defended on the ground, among others, that his answers, if he had answered the questions, would have tended to incriminate him under federal statutes,[3] and that, therefore, his refusal to answer was privileged under the Fifth Amendment.

The District Court held the Fifth Amendment inapplicable[4] and, therefore, refused to consider whether appellant's answers, if he had answered the questions, would or would not have tended to incriminate him. Appellant was adjudged guilty of contempt and was sentenced. We reversed the judgment and remanded the case with directions to determine "which questions, if any, put to appellant before the immigrant inspector * * * would tend to incrim-

---

[1] Marcus Graham, alias Fred S. Graham, alias Robert Parson, alias Robert Parsons, alias Shoel Marcus.

[2] " * * * Any commissioner of immigration or inspector in charge shall also have power to require by subpoena the attendance and testimony of witnesses before said inspectors and the production of books, papers, and documents touching the right of any alien to enter, reenter, reside in, or pass through the United States, and to that end may invoke the aid of any court of the United States; and any district court with-

in the jurisdiction of which investigations are being conducted by an immigrant inspector may, in the event of neglect or refusal to respond to a subpoena issued by any commissioner of immigration or inspector in charge or refusal to testify before said immigrant inspector, issue an order requiring such person to appear before said immigrant inspector, produce books, papers, and documents if demanded, and testify; and any failure to obey such order of the court may be punished by the court as a contempt thereof * * *."

[3] Citing 8 U.S.C.A. § 180(a); 22 U.S. C.A. §§ 223, 224, and "the Sedition Law of the United States." To what statute the quoted phrase was intended to refer, we do not know.

[4] United States v. Parson, D.C., 22 F. Supp. 149, 152.

inate him under a possible prosecution for violation of the federal criminal statutes cited by appellant;" allow appellant "to purge himself of contempt * * * by answering all the questions * * * held by the court not to be self incriminating;" and thereafter "impose such sentence for contempt, if the court adjudges the [appellant] guilty thereof, as the court may determine to be just and proper." Graham v. United States, 9 Cir., 99 F.2d 746, 750.

Our mandate was obeyed. At a hearing on June 26, 1939, the District Court determined that the following questions put to appellant before the immigrant inspector could be answered by appellant without self-incrimination:

"What is your true and correct name? "Have you brought your passport? "Where were you born? "Of what country are you now a citizen? "What is your father's name? "What is your mother's maiden name? "Is your father living? "Is your mother living? "From what country did you come at the time of your first arrival in the United States? "Have you ever been convicted of any crime involving moral turpitude since your entry into the United States, and of which there is a public record? "At the time of your first entrance into the United States were you a polygamist?"

Appellant was present at the hearing, but did not testify or offer any evidence. He stated to the court that he thought the above-quoted questions would incriminate him, but he did not state, much less prove, any fact warranting such a conclusion, nor does the record disclose any such fact. Compare Miller v. United States, 9 Cir., 95 F.2d 492, 494. Having determined that appellant's answers, if he answered the questions, would not tend to incriminate him, the court, pursuant to our mandate, gave him an opportunity to purge himself of contempt by answering the questions on June 26, 1939. Appellant refused, was thereupon adjudged guilty of contempt, and has appealed.

▮ There are five assignments of error, so-called. Assignments 1, 2, 3 and 4 are assignments of error in name only. They do not assert that any error was committed. They do not mention or refer to any ruling of the court or any act or thing done or omitted by the court. Such assignments present nothing for review.

▮ Assignment 5 is that the court erred in refusing to postpone the hearing (on June 26, 1939) until another case—a habeas corpus proceeding[5]—was determined. The refusal was not excepted to and was, therefore, not assignable as error.

Judgment affirmed.

---

[5] See Graham v. Carr, 9 Cir., 112 F.2d 908, decided this day.