**GRAHAM v. CARR, District Director of Immigration and Naturalization Service.**

**No. 9443.**

Circuit Court of Appeals, Ninth Circuit.

June 22, 1940.

---

[5] See Graham v. Carr, 9 Cir., 112 F.2d 908, decided this day.

Gallagher, Wirin & Johnson and A. L. Wirin, all of Los Angeles, Cal., for appellant.

Ben Harrison, U. S. Atty., and Ralph E. Lazarus, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from an order discharging a writ of habeas corpus. Appellant[1] petitioned for the writ on June 23, 1939. The writ was issued forthwith. It was directed to appellee,[2] in whose custody the petition alleged appellant was detained. The writ commanded appellee to make return thereof on June 27, 1939, and at the same time to bring the body of appellant before the judge[3] who had granted the writ. Appellee made return of the writ as commanded, but did not produce the body of appellant. The return stated: "* * * I [appellee] am unable to produce the body of Marcus Graham [appellant] for the reason that said Marcus Graham is not in my custody. * * * Marcus Graham is now in the custody of the United States Marshal, having been convicted and sentenced by the Honorable Harry A. Hollzer, Judge of the United States District Court for the Southern District of California, Central Division, on the 26th day of June, 1939.[4] * * * [Appellee] denies each and every allegation in the petition for the writ.[5] * * *"

Thus, in effect, the return stated that appellant was not in appellee's custody on June 23, 1939, when the petition was filed, nor on June 27, 1939, when the return was filed, but was, on the latter date, in custody of the marshal. The return was not traversed. Consequently, on June 27, 1939, an order was entered discharging the writ. This appeal followed.

The record on appeal consists of an agreed statement prepared and signed by the parties and approved by the District Court, pursuant to Rule 76 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.[6] As prepared by the parties, the statement recited, inter alia, (1) that "it was [on June 27, 1939] agreed between the parties and their counsel * * * that the petition for writ of habeas corpus should be deemed a traverse of the writ," and (2) that "the court [on June 27, 1939] informed counsel for [appellant] that the court had lost jurisdiction." These recitals were not approved by the court, but were expressly disapproved,[7] and are, therefore, no part of the record.

In his statement of points[8] and in his brief, appellant asserts that the District Court erred "in ruling that its jurisdiction

---

[1] Marcus Graham, alias Fred S. Graham, alias Robert Parson, alias Robert Parsons, alias Shoel Marcus.

[2] Walter E. Carr, District Director of the Immigration and Naturalization Service, Los Angeles, California.

[3] District Judge Ralph E. Jenney.

[4] See Graham v. United States, 9 Cir., 112 F.2d 907, decided this day.

[5] Including, of course, the allegation that appellant was in appellee's custody when the petition was filed.

[6] Rule 76: "When the questions presented by an appeal to a circuit court of appeals can be determined without an examination of all the pleadings, evidence, and proceedings in the court below, the parties may prepare and sign a statement of the case showing how the questions arose and were decided in the district court and setting forth only so many of the facts averred and proved or sought to be proved as are essential to a decision of the questions by the appellate court. The statement shall include a copy of the judgment appealed from, a copy of the notice of appeal with its filing date, and a concise statement of the points to be relied on by the appellant. If the statement conforms to the truth, it, together with such additions as the court may consider necessary fully to present the questions raised by the appeal, shall be approved by the district court and shall then be certified to the appellate court as the record on appeal."

[7] Presumably because they did not conform to the truth. See Rule 76, supra.

[8] See Rule 76, supra.

\* \* \* which it acquired by service of the writ of habeas corpus \* \* \* was lost by the subsequent order of commitment issued by another judge of the same court." There was no such ruling.

Also, in his statement of points and in his brief, appellant asserts that the District Court erred "in refusing to consider on the merits the validity of [appellant's] detention by the Immigration authorities and by the United States Marshal." Appellant's petition did not allege that he was detained by the marshal or by any "authority" other than appellee. The writ of habeas corpus was directed to appellee and to no one else. Appellant's detention—if he was detained—by anyone other than appellee was not a matter which could properly be considered in this case.

The alleged detention of appellant by appellee was denied by the return, which, not being traversed, was conclusive on the court. Crowley v. Christensen, 137 U.S. 86, 94, 11 S.Ct. 13, 34 L.Ed. 620; Stretton v. Rudy, 5 Cir., 176 F. 727, 730; United States v. Day, 2 Cir., 20 F.2d 302, 303. There being no detention of appellant by appellee, the writ was properly discharged.

Order affirmed.