**SCHIFFMAN et al. v. HUNTER, Warden.**

**No. 2938.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 19, 1944.

Charles Schiffman and Abe Chapman, pro se.

George H. West, U. S. Atty., and Eugene W. Davis, Asst. U. S. Atty., both of Topeka, Kan., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order discharging a writ of habeas corpus.

An indictment was returned against Charles Schiffman and Abe Chapman[1] and 27 other defendants in the District Court of the United States for the Northern District of Texas charging violations of 21 U.S.C.A. § 174, 26 U.S.C.A. Int.Rev.Code, §§ 2553 and 2554, and 18 U.S.C.A. § 88. The indictment contained 42 counts. The petitioners were tried and found guilty on counts 1, 2, 3, 4, 5, 6, and 42. Each was sentenced to imprisonment in an institution of the penitentiary type, Schiffman for a term of ten years, and Chapman for a term of eight years.

As grounds for the writ, petitioners alleged and undertook to prove that they were not permitted to select counsel of their own choosing for their defense and that Howard Dailey, Esq., who was appointed by the court to represent them, could not and did not effectively represent them because their interests and the interests of other defendants, who had employed Dailey to act as their counsel, were in conflict.

The court below found that petitioners were competently and effectively represented by counsel of their own choosing at the trial on the indictment and in the appellate proceedings that followed.

---

[1] Hereinafter called petitioners.

These facts were established by substantial evidence: At the time the indictment was returned, Schiffman was serving a term in the Illinois State Penitentiary at Joliet, Illinois, and Chapman was serving a term in the United States Penitentiary Annex at Leavenworth, Kansas. In the latter part of June, 1940, each was served with a copy of the indictment and, thereafter, removed from the institution in which he was serving to Fort Worth, Texas, on a writ of habeas corpus ad prosequendum. Two of the petitioners' codefendants, Phil Chadwick and Mrs. Phil Chadwick, had employed Dailey, a member of the Texas bar since 1916 and an experienced practitioner in the federal courts, to defend them. Petitioners were acquainted with the Chadwicks. When petitioners and the defendant, Tommy Cooper, learned that the Chadwicks had employed Dailey, each of them told Dailey that it was his desire that the lawyer who represented the Chadwicks should also represent him. Dailey had spent two weeks investigating the case and had satisfied himself that the interests of the Chadwicks, the petitioners, and Cooper were not in conflict and that he could properly defend each of them. Accordingly, he told petitioners and Cooper that if they would request the presiding judge to appoint him to represent them, the judge would probably comply with the request. The defendants were arraigned on June 28, 1940. A number of the defendants were represented by counsel. The defendants who were not represented by counsel were called and the presiding judge inquired of each separately if he had counsel. When the petitioners and Cooper were called, each requested the presiding judge to appoint Dailey to act as his counsel. The presiding judge did not understand Chapman's request and appointed another lawyer to represent him, but Chapman protested and the presiding judge revoked the first appointment and appointed Dailey to act as counsel for Chapman.

The trial commenced on July 8, 1940. The first day was consumed in hearing and disposing of motions raising matters of law in behalf of all the defendants. The presiding judge suggested that the lawyers for the defendants select a leading counsel. Dailey was selected. Schiffman's brother, who was a lawyer, came to Fort Worth. He arranged with Max Shapiro to come to Fort Worth and assist in the defense of petitioner Schiffman. Shapiro arrived after the trial had commenced. He agreed that Dailey should continue as leading defense counsel. During the trial, Dailey consulted with the defendants he represented and with Shapiro. When the government's case in chief was closed, the defendants and their counsel held a consultation. It was decided that there was no possible defense on the facts and that the defendants would have to rely upon matters of law for their defense, and that only one witness, a former narcotics agent, should be called in behalf of the defendants. Petitioners both agreed that they should not take the witness stand in their own defense.

Dailey competently and with complete fidelity presented the defense of each of the defendants whom he represented. He prosecuted an appeal in their behalf in the United States Circuit Court of Appeals for the Fifth Circuit. The judgments of conviction were affirmed.[2] He filed a petition for a rehearing which was denied. He prepared a petition for a writ of certiorari to the Supreme Court of the United States and a supporting brief. Because Dailey was not admitted in the Supreme Court of the United States, with Shapiro's consent he signed the latter's name to the petition and brief. The petition for certiorari was denied.[3] Schiffman's brother furnished Dailey with funds to defray the expenses incident to the appellate proceeding.

It was not until the Supreme Court had denied certiorari that petitioners found fault with the services which had been rendered by Dailey. Prior thereto, they had expressed approval and commendation of such services.

Petitioners were not held incommunicado. The presiding judge instructed the marshal to permit them to communicate with their counsel and others at any and all reasonable times. The marshal complied with that direction.

Petitioners were not inexperienced in criminal proceedings. Schiffman was confined in the Joliet Penitentiary from 1925 to 1929 on a conviction for robbery. He was convicted in the United States District Court for the Southern District of New York on a narcotics charge and was sentenced to the United States Penitentiary at

[2] Chadwick v. United States, 5 Cir., 117 F.2d 902.

[3] Chadwick v. United States, 313 U.S. 585, 61 S.Ct. 1109, 85 L.Ed. 1541.

Leavenworth. On discharge from that institution, he was arrested for violation of his parole and returned to the Joliet Penitentiary. Chapman was convicted in the United States District Court for the Northern District of Illinois on a narcotics charge and was sentenced to the United States Penitentiary at Leavenworth. He was again convicted on a narcotics charge in the United States District Court for the Eastern District of Louisiana and was again sentenced to the United States Penitentiary at Leavenworth.

The findings of the trial court are not clearly erroneous. On the contrary, they are supported by substantial evidence. The record leaves no doubt that the presiding judge appointed Dailey to act as counsel for petitioners in the criminal proceedings, at the express request of each of the petitioners, and that there was no conflict of interests which in anywise hampered Dailey in presenting the defense of each of the defendants represented by him, and that Dailey, assisted by Shapiro, ably represented the petitioners throughout the trial on the indictment and in the appellate proceedings.

The judgment, is, therefore, affirmed.