**UNITED STATES ex rel. WEI YAN MUN v. SHAUGHNESSY et al.**

United States District Court
S. D. New York.

April 4, 1950.

Joseph J. Davidson, New York City, (Shapiro & Buckley, Philadelphia, Pa., of counsel), for relator.

McGOHEY, District Judge.

A writ of habeas corpus is sought to obtain release for shore leave of the relator, a Chinese national, who is detained as a mala fide seaman by order of the examining immigrant inspector. The petition is made by Emma Emily Mun who claims United States citizenship; marriage to the relator on March 16, 1949; and dependence upon him for "proper support and maintenance."

The relator arrived at New York as a seaman aboard the S.S. Cornell on February 8, 1950 and the examining immigrant inspector ordered him detained pursuant to the provisions of 8 U.S.C.A. § 167 and 8 C.F.R. 120.21(e). The return to the writ says "The decision to detain and direct the deportation of the relator as a mala fide seaman was based upon the conclusion that he was an intending immigrant who would not return to the vessel if granted shore leave and depart from the United States as required by law, but was in fact intending to reside permanently in the United States."

The relator is not unknown to the officials of the Immigration Service. The petition and its attached exhibits and the return show the following. The relator entered the United States for the first time at New York as a seaman in 1940. On the expiration of his leave he failed to re-ship. He did not again work as a seaman until three years later when he shipped aboard an American vessel. After a further period of three years he was arrested in Philadelphia, on February 1, 1946, on an immigration warrant for deportation which charged that he had entered the United States as an immigrant not in possession of a valid visa. He was given a hearing, during which he stated his intention to remain in the United States permanently. However, he re-shipped before a decision was rendered.

He returned to Philadelphia later in 1946 and remained in the United States until August 18, 1948 when he left the country. On March 7, 1949 he was again arrested upon a warrant of that date alleging that he

had entered this country at Port Arthur, Texas, on January 6, 1949, and had remained here for a period longer than permitted by law. He was released on bond of $1000 and on March 30, 1949 was given a hearing. He there again testified, in the presence of his counsel, that he intended "to stay in the United States." As a result of this testimony he was charged additionally as an immigrant not in possession of a valid visa at the time of entry (petition exhibit 2, p. 4). Although at this hearing he applied orally for suspension of deportation, claiming continuous residence in the United States for more than seven years last past, he produced no documents to support the claim, and seems to have abandoned it. At any rate, he has taken no steps since then to prosecute it. Furthermore, during this hearing he was questioned concerning his marital status and, although the hearing was held on March 30, 1949, he did not then claim that, as now is alleged, he had married the petitioner on March 16, 1949. On the contrary, indeed, he said he had no relatives in the United States and that his wife, whom he had last seen in China in 1938 or 1939 had died there "just a few months back" (petition exhibit 2 p. 6). He was asked "Have you married since your wife's death?" and he answered "No" (petition exhibit 2 p. 7).

While these proceedings in March, 1949 were pending, the relator again left the country. He next came into Philadelphia as a seaman on September 6, 1949 and again on October 30, 1949, and on both occasions was ordered detained on board ship and deported as a mala fide seaman. His next arrival in this country was the one at New York which has resulted in these proceedings.

■ Whether an alien seaman is to be privileged to have shore leave or be detained on board rests with the immigrant inspector who conducts the examination on the ship. British Empire Steam Nav. Co. v. Elting, 2 Cir., 74 F.2d 204, 206. But the legality of detention may be tested by habeas corpus, United States ex rel. D'Istria v. Day, 2 Cir., 20 F.2d 302; and if the inspector's action under all the circumstances

has been arbitrary or capricious the writ should issue; United States ex rel. U. S. Lines on behalf of Colovis v. Watkins, 2 Cir., 170 F.2d 998, 1000. It is urged that the ruling in that case requires issuance of this writ. I do not agree.

■ The relator Colovis, as the opinion in his case shows, had a pretty good record of observance of his leave limitations, and he had had no difficulty in getting shore leave until after he had engaged in some shipboard fighting of a kind described by the Court of Appeals as the traditional pastime of seamen, and not serious enough to merit deportation as punishment. Colovis, moreover, had been married for three years and had an established home here.

This relator's record, in contrast, is one of repeated, serious violations of shore leave, which is quite significant in view of his twice expressed intention "to stay in the United States." His present counsel argues that these words do not support any inference by the inspector that the relator intended to remain "permanently" in the United States. He argues that these words taken with another statement of the relator "There is no particular year as to the time I wanted to come to the United States, but I have always wanted to since I was a little boy" (petition exhibit 2, p. 4) do no more than express "the identical thought" of "the vast majority of temporary visitors to this country." However that may be, I cannot say that the inspector was arbitrary or capricious in interpreting them as he did. Indeed, it seems to me that, in view of this relator's record, it would have been an arbitrary and capricious disregard of reality and common sense to have made any other interpretation. Moreover, there is neither claim nor proof of an established home.

■ Reliance on Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, is misplaced, because relator, a seaman seeking shore leave, is not entitled to an administrative hearing and appeal on that question. United States ex rel. D'Istria v. Day, supra.

I find nothing arbitrary or capricious in the action of the inspector. His determination was sound. The writ is dismissed.