## UNITED STATES ex rel. ADAMANTIDES v. NEELLY.

### No. 10403.

United States Court of Appeals
Seventh Circuit.

Oct. 10, 1951.

998

Johan Waage, Chicago, Ill., for appellant.

Hon. Otto Kerner, Jr., U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., U. S. Court House, Chicago, Ill., Anna R. Lavin, Asst. U. S. Atty., Chicago, Ill., (John M. McWhorter, Acting Dist. Counsel, Immigration and Naturalization Service, Chicago, Ill., of counsel), for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

This is an appeal from a judgment of the district court quashing a writ of habeas corpus, dismissing the petition for the writ, and remanding the petitioner into custody. Petitioner was enlarged on bail pending this appeal.

We learn from the return of respondent, which was not answered or traversed, that petitioner, a citizen of Greece, first entered the United States at New York in December, 1920, using the passport of and impersonating one Theodore Panos. Because he was a deserter from the Greek Army petitioner was unable to leave Greece under his own name.

The return further shows, and petitioner readily admits, that on August 27, 1929, he pleaded guilty in the Criminal Court of Cook County, Illinois, to the crime of robbery committed on November 4, 1928, and was sentenced from one to twenty years in the Illinois Penitentiary. After serving five years and nine months he was paroled. Petitioner again was sentenced to the Illinois Penitentiary on March 23, 1936, for a term of one year to life, following his conviction of the crime of robbery with a dangerous weapon. He was released from the penitentiary on November 15, 1949.

The return discloses that on May 18, 1936, while in State custody petitioner was arrested on a warrant issued by the Assistant to the Secretary of Labor and was accorded a hearing by Immigration Inspector Krause on that day, after which Inspector Krause recommended that petitioner be deported. The record was reviewed by the Board of Review of the Immigration and Naturalization Service, which on July 8, 1936, recommended that petitioner be deported after his release from prison. This recommendation was concurred in by the Deputy Commissioner of Immigration and Naturalization. On the same date a warrant of deportation was issued by the Acting Assistant Secretary of Labor. Upon petitioner's last release from the penitentiary in November, 1949, he was placed under bond pending receipt of the necessary travel documents. He was granted several stays of deportation, then surrendered, and thereafter filed a petition for a writ of habeas corpus.

At the hearing on the petition in district court, attorney for petitioner insisted that he desired to have the petitioner take the stand to give certain testimony. Although a certified stenographic report of the hearing before Inspector Krause was attached to the return of respondent, as well as a record of petitioner's answers to questions upon a previous interview, it was his claim that he at no time had a hearing, and that the certified transcript of the hearing was false and fictitious. When it became apparent that petitioner was insisting that in spite of the record before the court a hearing had not been had, the assistant United

States Attorney suggested to the court that petitioner be then and there permitted to amend his pleading to set up that issue. Respondent at that time had available for testimony the officer who conducted the hearing as well as the stenotype reporter who took the testimony given thereat. Petitioner's counsel refused to avail himself of the opportunity of amending the pleadings as suggested, and of having a hearing upon the issue thus raised, whereupon the district judge remarked, "I cannot force him to amend."

■ The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 47 S.Ct. 1, 71 L.Ed. 131. If petitioner's counsel desired to contest in good faith what the record showed, namely, that a hearing had in fact been held, then he should have embraced the opportunity afforded him to amend the pleading so as to present that issue. Having refused to do so, the court properly relied upon the record showing that a fair hearing had been given.

■ The district court might well have also relied upon the fact that respondent's return, which showed a hearing had been held, had never been traversed by petitioner. It is important that if to be contested the allegations of a return be traversed, as otherwise only issues of law may be considered as having been raised. Vol. 6, Ohlinger's Federal Practice, p. 176. See also: United States ex rel. Laird v. O'Brien, 7 Cir., 111 F.2d 232, 234; Graham v. Carr, 9 Cir., 112 F.2d 908; Adams v. Hudspeth, 10 Cir., 121 F.2d 270, 271; United States ex rel. D'Istria v. Day, 2 Cir., 20 F.2d 302; Crowley v. Christensen, 137 U.S. 86, 94, 11 S.Ct. 13, 34 L.Ed. 620; Ex Parte Potens, 63 F.Supp. 582. The rule was recently stated in a slightly different form in United States ex rel. Edelson v. Thompson, 2 Cir., 175 F.2d 140, 142:

"* * * Under the new statute, 28 U.S.C.A. § 2248, such an allegation, not traversed, must be accepted as true except to the extent that the judge finds from the evidence that it is not true. * * *"

The district court here specifically found that a hearing had been held and that it was fair, adequate and conformed to due process of law.

In Kessler v. Strecker, 307 U.S. 22, 34, 59 S.Ct. 694, 700, 83 L.Ed. 1082, the court said: "* * * The proceeding for deportation is administrative. If the hearing was fair, if there was evidence to support the finding of the Secretary, and if no error of law was committed, the ruling of the Department must stand and cannot be corrected in judicial proceedings. * * A district court cannot upon habeas corpus, proceed de novo, for the function of investigation and finding has not been conferred upon it but upon the Secretary of Labor. * * *"[1]

■ Petitioner also sought to testify that on or about April 15, 1925, he did not enter this country from Canada. In his first statement and at the hearing before Inspector Krause he admitted going to Canada one night about such date on a whiskey running expedition. In the district court he sought to revise that testimony to say that he merely went to the middle of the river between Detroit and Windsor, and therefore did not actually leave the country. Under the decisions heretofore cited, we think the district court did not err in refusing to permit petitioner to testify. Furthermore, as petitioner admitted being sentenced more than once for a crime involving moral turpitude, each sentence exceeding one year, he was deportable under 8 U.S.C.A. 155, and it was immaterial that such crimes were committed more than five years after petitioner's original entry into this country.

■ We are of the opinion also that on the record before him, the district judge correctly quashed the writ and dismissed the petition. The statements we made in

1. The authority and duties of the Secretary of Labor in immigration and naturalization matters were transferred to the Attorney General by the President's Reorganization Plan No. 5, approved June 4, 1940, by Pub.Res. 75, 76th Cong., and became effective June 14, 1940.

United States ex rel. Schlimmgen v. Jordan, 7 Cir., 164 F.2d 633, 634, are applicable to the case at bar:

"Courts may not interfere with administrative determinations unless, upon the record, the proceedings were manifestly unfair, or substantial evidence to support the administrative finding is lacking, or error of law has been committed or the evidence reflects manifest abuse of discretion. Low Wah Suey v. Backus, 225 U.S. 460, 32 S. Ct. 734, 56 L.Ed. 1165; Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082. Consequently, inasmuch as the party ordered deported can, in a habeas corpus proceeding, complain only of a failure of the administrative officer in one or more of these respects, the court acts upon the record made in the administrative hearing and may not try the issues de novo upon evidence not submitted in the first instance. (Citing cases.) This results from the mandate of the statute, par. (a), Section 155, Title 8 U.S.C.A., reading: 'In every case where any person is ordered deported from the United States under the provisions of this Chapter, or of any law or treaty, the decision of the Attorney General[1] shall be final.'"

The judgment is affirmed.

---

1. The authority and duties of the Secretary of Labor in immigration and naturalization matters were transferred to the Attorney General by the President's Reorganization Plan No. 5, approved June 4, 1940, by Pub.Res. 75, 76th Cong., and became effective June 14, 1940.