In the Matter of the Application of Reginald Francis ELLIS, also known as Reginald Francisco Ellis, also known as Reginald Francisco Wilson, for a Writ of Habeas Corpus.

Civ. No. 6267.

United States District Court
N. D. New York.

Sept. 27, 1956.

Judgment Affirmed Nov. 2, 1956.

See 238 F.2d 235.

Anthony J. Fernicola, Utica, N. Y., for petitioner.

Theodore F. Bowes, U. S. Atty., Syracuse, N. Y., Richard E. Bolton, Asst. U. S. Atty., Troy, N. Y., of counsel, for the Immigration and Naturalization Service.

Milton E. Berman, Officer in Charge of Albany, New York Sub-Office, Albany, N. Y., for Immigration and Naturalization Service

FOLEY, District Judge.

A writ of habeas corpus was directed to the Immigration and Naturalization Service to test the detention of the petitioner under a final order of deportation. A return has been filed by the Officer in Charge of the Albany Sub-Office of the Service, and a record of the proceedings upon which the decision of deportation of the Special Inquiry Officer is based has

been submitted. There is also filed the decision of the Special Inquiry Officer and that of the Board of Immigration Appeals dismissing the appeal from such decision.

As is settled in the law, the scope of review by this court in such situations is very limited. United States ex rel. Adamantides v. Neelly, 7 Cir., 191 F.2d 997; Kessler v. Strecker, 307 U.S. 22, 34, 59 S.Ct. 694, 83 L.Ed. 1082. It must also be kept in mind that the deportation of a resident alien is not a criminal action but that such proceedings are civil in nature. Schoeps v. Carmichael, 9 Cir., 177 F.2d 391, 395; United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 154, 44 S.Ct. 54, 68 L.Ed. 221. Also, the failure to apply strict rules of evidence and procedure as in judicial proceedings is not conclusive in the determination as to whether or not the administrative hearing was unfair. United States ex rel. Bilokumsky v. Tod, supra, 263 U.S. at page 157, 44 S.Ct. at page 57.

A reading of the record convinces me that the petitioner had a fair hearing and that there was no overreaching by the Special Inquiry Officer. There is no error of law in the proceedings brought to my attention. The marriage certificate in evidence and the admissions of the petitioner are clearly sufficient to support the finding that he was legally married to a woman in Jamaica when he claimed in his application in 1950 for Immigration Visa that he was married to a different woman who was then a United States citizen. The issue of adultery charged against him is also supported by his own admissions.

The questioning as to his right to counsel and continuance if desired was persistent and comprehensive, and the impression I gather is that the petitioner decided to go it alone and take his chances. There was no evidence submitted then or is there now to refute his true marital status in 1950, as clearly shown by the record of the administrative proceedings.

The writ of habeas corpus is dismissed. The petitioner shall surrender himself to the custody of the proper authorities of the Immigration and Naturalization Service when so directed.

It is so ordered.