**Troy Kelton TEAGUE, Appellant,**

v.

**C. H. LOONEY, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.**

**No. 6131.**

United States Court of Appeals
Tenth Circuit.

June 26, 1959.

No appearance for appellant.

E. Edward Johnson, Asst. U. S. Atty., Topeka, Kan. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order dismissing an application for a writ of habeas corpus.

On May 16, 1951, the petitioner was sentenced to serve five years in the penitentiary at Leavenworth, Kansas, for interstate transportation of falsely made checks. On October 9, 1954, he was given a conditional release. His maximum term would have run for an additional 584 days, ending May 15, 1956.

On June 14, 1955, a conditional release violator warrant was issued as a result of his having left the Northern District of Texas in violation of the conditions of his release.

Teague was apprehended by the Federal Bureau of Investigation at Monument, Colorado, on June 27, 1956. He was taken to Denver, Colorado, where he was confined and a complaint was filed against him. At the time of his arrest, indictments were outstanding against him in the Districts of Idaho, New Mexico and Kansas. He consented to having these indictments transferred to the District of Colorado and pleaded guilty to the charges. Chief Judge Knous committed Teague to Leavenworth on January 14, 1957, to serve concurrent four and one-half year sentences.

Petitioner later moved to set aside and vacate the sentence. Chief Judge Knous granted the motion and Teague was released from Leavenworth on March 30, 1958, after having served 14 months of the sentence. Petitioner was then apparently ordered to be returned to the District of New Mexico for trial. The trial ended in a mistrial and Teague was then taken into custody under the violator warrant on August 5, 1958.

On November 7, 1958, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. A hearing was held on the petition. Petitioner contended that he was taken into custody under the violator warrant on June 27, 1956, and was therefore now entitled to release. The return on the violator warrant stated that it was executed against petitioner on August 5, 1958, and on the basis of this the Government contended that petitioner was still in lawful custody, the expiration date of his sentence being October 8, 1959.

It is not disputed that the violator warrant was issued within the maximum term for which Teague was originally sentenced and was thus valid under the provisions of 18 U.S.C. § 4205. That it could be legally executed after the termination of the maximum term is also clear.[1] The prisoner, after recomputation of his sentence, had 430 days remaining to be served on his original sentence and the sole problem on this appeal is to determine when the unexpired term of imprisonment began to run.

The applicable statute is 18 U.S.C. § 4205, which provides that:

   " * * * The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General *under said warrant*, (the violator warrant) * * *." (Emphasis added.)

1. United States ex rel. Jacobs v. Barc, 6 Cir., 141 F.2d 480.

■ It is not disputed that Teague was taken into custody on June 27, 1956, but in order to start the running of the unexpired term of imprisonment he must, under the statute, have been taken into custody *under the violator warrant.* The petition alleged that Teague was taken into custody under the violator warrant on June 27, 1956. However, the return on the warrant, which is conclusive in the absence of traverse,[2] shows that it was not executed until August 5, 1958.

■ The conclusiveness of the return on the warrant in the absence of traverse would ordinarily be dispositive of the case. However, since it appears that the parties treated the return as though it had been impeached by a traverse and the court took evidence, we will assume that the date of execution of the violator warrant became an issue of fact in the court below.[3] The lower court found that the warrant was executed on August 5, 1958. Where a prima facie case is made out by the return, the burden is on petitioner to show that the imprisonment is illegal.[4] Petitioner must prove his case by a preponderance of the evidence.[5] And an appellate court will not set aside a finding of fact by a lower court in a habeas corpus proceeding when it is supported by substantial evidence and is not clearly erroneous.[6]

The only evidence supporting petitioner's contention that he was taken into custody under the violator warrant on June 27, 1956, was a letter from the Chief Deputy United States Marshal, N. V. Cooley, to Teague advising him that he had been " * * * actually apprehended as a conditional release violator * * *." This letter referred to the apprehension on June 27, 1956. A clarifying letter from Mr. Cooley, in evidence at the hearing below, showed that that apprehension was under a warrant issued out of the District of New Mexico, charging him with interstate transportation of stolen property. And this explanatory letter was consistent with the return on the warrant showing execution on August 5, 1958.

The finding of the lower court was supported by substantial evidence, is not clearly erroneous and is binding on this court. Hence, petitioner is not entitled to release and the order is affirmed.

2. Adams v. Hudspeth, 10 Cir., 121 F.2d 270.

3. 39 C.J.S. Habeas Corpus § 99, p. 666; United States ex rel. D'Istria v. Day, 2 Cir., 20 F.2d 302.

4. Forthoffer v. Swope, 9 Cir., 103 F.2d 707; Zahn v. Hudspeth, 10 Cir., 102 F.2d 759.

5. Odell v. Hudspeth, 10 Cir., 189 F.2d 300; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830.

6. Schiffman v. Hunter, 10 Cir., 145 F.2d 288.