In the matter of the petition for review of CHENG CHAN CHU also sometimes referred to as Chin Gee, Chang Sang and Chung Jom Ku, Petitioner,

v.

Edward J. SHAUGHNESSY, as District Director of Immigration and Naturalization for the District of New York, Respondent.

United States District Court,
S. D. New York.

Jan. 14, 1955.

Harry D. Mencher, New York City, for petitioner.

J. Edward Lumbard, U. S. Atty. for Southern Dist. of N. Y., New York City, J. Donald McNamara, Asst. U. S. Atty., New York City, of counsel, for respondent.

DAWSON, District Judge.

Petitioner moves for a temporary injunction restraining his deportation pending a determination by this Court of a petition to review the deportation proceedings. Respondent cross-moves pursuant to Rule 12(b), 28 U.S.C.A., to dismiss the petition on the ground that it fails to state a claim upon which relief can be granted.

It appears from the papers submitted on the motion that the following material facts exist without substantial controversy:

1. Petitioner is an alien, a native and citizen of China.

2. Petitioner entered the United States as a seaman in or about the month of September, 1942.

3. Petitioner overstayed his leave; on January 28, 1943 was ordered deported; and departed on February 22, 1943.

4. Petitioner re-entered the United States as a seaman at New York, N. Y., on or about August 6, 1943.

5. Petitioner overstayed his leave and remained in the United States until March 20, 1945, at which time he shipped as a seaman in the United States Merchant Marine Service.

6. Petitioner remained in the United States Merchant Marine Service until October 4, 1947.

7. On October 4, 1947, petitioner was discharged from the United States Marine Service, and thereupon, immediately shipped "foreign" as a seaman, returning to the United States at San Francisco, aboard the S.S. Indian Bear on February 12, 1948, which is the date of his last entry into the United States.

8. Petitioner continued to live in the United States, and on July 19, 1951, a warrant was issued for petitioner's arrest, and deportation proceedings commenced.

9. Beginning on July 25, 1951, petitioner was afforded a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service.

10. Petitioner appeared at the said hearing and its subsequent adjournments, and was represented by counsel of his own choosing.

11. At the conclusion of the hearing, it was the decision of the Special Inquiry Officer that petitioner was deportable; that he had not established that he had met the statutory requirements of eligibility for suspension of deportation under Section 19(c) (2) (b) as amended[1]; that even if he had found that petitioner had met the requirements of eligibility for suspension of deporta-

1. 8 U.S.C.A. § 155(c), now 8 U.S.C.A. §§ 1254(a) (1, 2), 1351.

tion under Section 19(c) (2) (b), in his discretion, it would be denied.

12. Petitioner filed exceptions to the Hearing Officer's decision and order with the District Director of Immigration and Naturalization, and on or about May 26, 1952, the order of the Hearing Officer was adopted by the Acting Assistant Commissioner.

13. Petitioner appealed to the Board of Immigration Appeals which found on March 12, 1953 that petitioner was eligible for suspension of deportation under Section 19(c) (2) (b), but refused to exercise its discretion and suspend deportation.

14. On or about April 14, 1953, petitioner moved that the Board of Immigration Appeals reopen the hearings, which motion was denied on July 3, 1953.

There can be no dispute that petitioner is illegally in this Country. Petitioner did not contest the validity of the finding of deportability in the course of his administrative appeal, and I doubt the propriety of his now raising the issue. I will, however, consider briefly the assertion made in his petition.

■ Petitioner contends that the Fifth Amendment to the Constitution was violated in that he was compelled to testify as to his entry into the United States, a matter that might incriminate him, and that, therefore, he was denied due process of law in that there was not substantial competent evidence upon which a finding that he was deportable could have been made. The identical question was raised in Couto v. Shaughnessy,[2] and as I said there, a deportation proceeding is not, in nature, a criminal proceeding. Nor is the statement that, one is an alien a confession of criminality. Petitioner could have been compelled by legal process to state whether he was an alien, and how he had arrived in the United States; petitioner's silence, if he had remained silent, could have been construed as evidence of persuasive character. See Bilokumsky v. Tod.[3]

True, the facts differ in the instant case in that petitioner, once having been deported, in overstaying his seaman's leave, may have committed a felony pursuant to the provisions of 8 U.S.C.A. § 180.[4] However, not only did petitioner waive the privilege by answering without protest in the presence of counsel, but if petitioner had remained silent, his silence could have been construed against him.[5]

■ The record amply supports the finding of deportability.

■ Petitioner's second contention is that since the Board of Immigration Appeals had found that petitioner had met the statutory requirements for suspension of deportation, the denial of suspension by the Board was an arbitrary and capricious failure on its part to properly exercise its discretion. The exercise of discretion will not be reviewed by the Courts,[6] and a Court will only interfere where there has been a clear abuse of discretion,[7] or a failure to exercise discretion.[8] The record here does not substantiate either a clear abuse of discretion or a failure to exercise discretion; that the statutory requirements for exercise of discretion have been met does not require that the discretionary action taken be favorable to the petition-

2. D.C.S.D.N.Y.1954, 123 F.Supp. 926.

3. 1923, 263 U.S. 149, 44 S.Ct. 54, 68 L. Ed. 221.

4. Mar. 4, 1929, ch. 690, § 1(a–c), 45 Stat. 1551; June 24, 1929, ch. 40, 46 Stat. 41; 1940 Reorg. Plan No. V, eff. June 14, 1940, 5 F.R. 2423, 54 Stat. 1238. Now 8 U.S.C.A. §§ 1101(g), 1182(a) (17), 1326.

5. U. S. ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 112–113 (1927).

6. U. S. ex rel. Adel v. Shaughnessy, 2 Cir., 1950, 183 F.2d 371.

7. U. S. ex rel. Kaloudis v. Shaughnessy, 2 Cir., 1950, 180 F.2d 489; U. S. ex rel. Weddeke v. Watkins, 2 Cir., 1948, 166 F. 2d 369, 373, certiorari denied 333 U.S. 876, 68 S.Ct. 904, 92 L.Ed. 1152.

8. U. S. ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L. Ed. 681.

er; nor does the fact that in the exercise of its discretion the Board of Immigration Appeals went behind the applicable five-year period of good behavior vitiate the result.[9]

Petitioner urges that the Board of Immigration Appeals acted arbitrarily in placing petitioner in a class of aliens to whom discretionary relief was denied solely on the ground that they were members of a class of seamen who did not ship out as such *during* World War II; or that the Board acted upon the basis of confidential information.

There is nothing to support either of these contentions. The Board, in its opinion, pointed out that:

"* * * we do not authorize suspension of deportation in 7 year cases where the alien has had little more than the required number of years unless there are other equities or meritorious factors in the case."

The Board pointed out that the petitioner had come to this Country as a seaman and had once been deported and that, thereafter, he returned to the United States in 1943 as a seaman and did not depart until March 20, 1945 "notwithstanding the efforts made by this government and the allied government to get seamen back on ships during the critical period of World War II." This was merely one of the factors taken into consideration by the Board in reaching its determination. There is no indication that the Board acted upon confidential information, for this information was part of the record. There is no indication that the Board has established as a classification to which discretion will be denied seamen who did not ship out during the War. The Board's determination was on the following basis:

"Since we find that there are no equities or outstanding factors to warrant the granting of suspension of deportation to this alien, his application will be denied as a matter of administrative discretion."

I conclude that (1) petitioner is deportable and (2) there was no abuse of administrative discretion in denying petitioner's application for suspension of deportation.

The motion for a preliminary injunction is denied. The motion made by respondent is treated by me as a motion for summary judgment, pursuant to the provisions of Rule 12(b) of the Rules of Civil Procedure, and such motion is granted. So ordered.

---

9.  U. S. ex rel. Adel v. Shaughnessy, supra, 183 F.2d at pages 372–373.