**Robert D. FISHER and Orpha L. Fisher, Petitioners–Appellants,**

v.

**COMMISSIONER FOR INTERNAL REVENUE, Respondent–Appellee.**

No. 93–9029.

United States Court of Appeals, Tenth Circuit.

Jan. 23, 1995.

William E. Farrior of Barrow, Gaddis, Griffith & Grimm, Tulsa, OK, for petitioners-appellants.

Anthony T. Sheehan, Attorney, Tax Div. (Loretta C. Argrett, Asst. Atty. Gen., and Ann B. Durney, Attorney, Tax Div., with him on the brief), Dept. of Justice, Washington, DC, for respondent-appellee.

Before TACHA and McKAY, Circuit Judges, and HANSEN,* District Judge.

McKAY, Senior Circuit Judge.

The appellants, Mr. and Mrs. Fisher, were assessed a twenty-five percent penalty for substantially underreporting their taxable income in 1983 and 1984. 26 U.S.C. § 6661(a). (The Fishers had previously reached an agreement with the IRS on the amount of the deficiency for those years.) On May 25, 1989, the Fishers sought a waiver of these penalties under 26 U.S.C. § 6661(c), which provides the Commissioner of the Internal Revenue Service with the authority to waive the penalty if the taxpayer shows reasonable cause for the understatement and demonstrates that he or she acted in good faith. The Fishers offered a credible argument that they qualified for the waiver.

---

* Honorable C. LeRoy Hansen, United States District Judge for the District of New Mexico, sitting by designation.

As far as we can determine from the record, the only response from the Commissioner was a supplementary notice of deficiency that was sent on September 1, 1989. Interpreting this as a denial of the waiver, the Fishers then sought review in the Tax Court, where the IRS argued, and the Tax Court agreed, that the Commissioner had reasonable grounds for refusing to grant the waiver.

The sole issue in this appeal is whether the Tax Court correctly held that the Commissioner of the Internal Revenue Service did not abuse her discretion in declining to waive the penalty for substantial understatement of tax against the Fishers. We find that the Tax Court erred, and we reverse.

■ The Tax Court found that there were adequate reasons for the Commissioner to have refused to waive the penalty, and thus concluded that she had not abused her discretion. The problem with this conclusion is that the Tax Court had no basis for determining what reasons the Commissioner may have relied upon in making her decision because she never ruled explicitly on the request for waiver nor provided a written explanation for it. It is not enough that her decision could have been, or even probably was, based on sound reasons. "It is an elementary principle of administrative law that an administrative agency must provide reasons for its decisions." *Harberson v. NLRB,* 810 F.2d 977, 984 (10th Cir.1987) (*citing SEC v. Chenery Corp.,* 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943)).

> [T]he administrative adjudicator, by written opinion, [must] state findings of fact and reasons that support its decision. These findings and reasons must be sufficient to reflect a considered response to the evidence and contentions of the losing party and to allow for a thoughtful judicial review if one is sought.

*Public Service Co. of New Mexico v. FERC,* 832 F.2d 1201, 1207 n. 5 (10th Cir.1987) (*quoting Harborlite Corp. v. ICC,* 198 U.S.App.D.C. 355, 613 F.2d 1088, 1092 (1979)).

By failing to rule specifically on the request for waiver and by failing to offer any reasons for her decision, the Commissioner failed to demonstrate that she had exercised her discretion and thereby abused that discretion. Although the IRS attempted to justify the denial before the Tax Court, this effort was too little, too late. The IRS cannot make taxpayers haul it into Tax Court to ascertain that it has ruled on a lawful request or to discover what the rationale for its decision is.

The judgment of the Tax Court is reversed. This matter is remanded to the Tax Court with directions to order the Commissioner to reconsider the Fishers' request for a waiver and provide a written explanation for her decision, whatever it may be.

REVERSED and REMANDED.